OPINION
{¶ 1} On October 25, 2000, the Perry County Grand Jury indicted appellant, Maxwell Muff, on one count of rape in violation of R.C. 2907.02. Said charge arose from an incident involving appellant's stepdaughter, Melody Bowersock.
 {¶ 2} A jury trial commenced on May 23, 2001. The jury found appellant guilty as charged. By judgment entry filed July 16, 2001, the trial court sentenced appellant to nine years in prison.
 {¶ 3} Appellant appealed his conviction, and this court affirmed. State v. Muff (April 19, 2002), Perry App. No. 01-CA-13.
 {¶ 4} On September 25, 2001, appellant filed a petition for postconviction relief. By judgment entry filed October 5, 2001, the trial court denied the petition.
 {¶ 5} On July 25, 2003, appellant filed a second petition for postconviction relief. By judgment entry filed August 6, 2003, the trial court again denied the petition.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "The prosecution prior to and during trial violated Defendant's Fifth and Fourteenth Amendments by the knowledge of the existence of the written police report, and failed to provide a copy, despite the counsel's request for production of anything which was exculpatory in nature, and the misconduct involved amounts to a denial of due process within the Rule of Brady."
 II {¶ 8} "Defendant asserts that the trial court erred in allowing melody to testify, stating she was incompetent as a witness under evidence Rule 601(a)."
 III {¶ 9} "Defendant was deprived his most basic due process and compulsory rights via the trial court's failure to provide him an evidentiary hearing, whereas he could proffer his innocence."
 I, II, III {¶ 10} In his assignments of error, appellant claims the trial court erred in denying his petition for postconviction relief and erred in denying him an evidentiary hearing. We disagree.
 {¶ 11} R.C. 2953.21 governs petitions for postconviction relief. Subsection (A)(2) states the following:
 {¶ 12} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 13} Subsection (C) states the following:
 {¶ 14} "The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *"
 {¶ 15} Although the trial court's decision does not explicitly recite the reason(s) for the denial of the petition, it is clear from an examination of the docket that the reason was jurisdictional.
 {¶ 16} Appellant first filed a petition for postconviction relief on September 25, 2001. This petition was denied on October 5, 2001. Appellant filed a second petition on July 25, 2003 which was time-barred by statute. The second petition did not set forth any justifiable reason(s) as to why the jurisdictional mandates should not apply.
 {¶ 17} Upon review, we find the trial court did not err in denying appellant's petition for postconviction relief.
 {¶ 18} Assignments of Error I, II and III are denied. Perry County, App. No. 03CA15
 {¶ 19} The judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Perry County, Ohio is affirmed.