OPINION
{¶ 1} Defendant-appellant Maxwell Muff appeals from the September 19, 2005, Entry of the Perry County Court of Common Pleas denying his "Motion to Vacate Fines."
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 {¶ 3} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 5} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 6} On October 25, 2000, the Perry County Grand Jury indicted appellant on one count of rape in violation of R.C. §2907.02. The victim was appellant's stepdaughter.
 {¶ 7} Subsequently, a jury trial commenced on May 23, 2001. After the jury found appellant guilty, the trial court, pursuant to a Judgment Entry filed July 16, 2001, sentenced appellant to nine years in prison.
 {¶ 8} Appellant appealed his conviction and sentence, and this Court affirmed. See State v. Muff, Perry App. No. 01-CA-13, 2002-Ohio-2510.
 {¶ 9} On September 25, 2001, appellant filed a petition for postconviction relief. As memorialized in a Judgment Entry filed October 5, 2001, the trial court denied the petition.
 {¶ 10} On July 25, 2003, appellant filed a second petition for postconviction relief. Pursuant to a Judgment Entry filed August 6, 2003, the trial court again denied the petition. Appellant then filed another appeal. Pursuant to an Opinion filed on November 29, 2004, in State v. Muff, Perry App. No. 03CA15,2004-Ohio-6453, this Court affirmed the judgment of the trial court.
 {¶ 11} Subsequently, appellant, on April 15, 2005, filed a "Motion for Leave to File a [Motion for a] New Trial" pursuant to Crim.R. 33(A)(2)(6) and (B). Appellant, in his motion, argued that he was unavoidably prevented from obtaining a copy of the unabridged police report/complaint, rape kit results, doctor's and nurse's reports, and voluntary statement of Michelle Stewart, who was identified on a witness list but never called as a witness. Appellant, in his motion, alleged that such evidence was exculpatory and that, with the exception of the police report, he was unable to obtain such evidence until he filed a writ of mandamus with this Court in January of 2005.
 {¶ 12} Appellee State of Ohio did not respond to appellant's motion. Pursuant to an Entry filed on April 27, 2005, the trial court denied the same without giving its reasons for doing so.
 {¶ 13} Appellant appealed such denial and in State v. Muff,
(January 6, 2006), Perry App. No. 03CA11, this Court affirmed same.
 {¶ 14} On August 25, 2005, Appellant filed a "Motion to Vacate Court Costs Pursuant to Ohio Revised Codes § 2947.23, §2947.14 and § 2949.19."
 {¶ 15} By Judgment Entry dated September 19, 2005, the trial court denied said Motion.
 {¶ 16} Appellant now raises the following assignment of error on appeal:
 ASSIGNMENT OF ERROR {¶ 17} "I. THE TRIAL COURT ERRED IN FAILING TO VACATE COURT COSTS WHERE THE DEFENDANT FILED AN UNCONTESTED AFFIDAVIT OF INDIGENCY AND TO VACATE GARNISHMENT ORDER TO THE CHILLICOTHE CORRECTIONAL INSTITUTION."
 I. {¶ 18} Appellant, in his sole assignment of error, argues that the trial court erred in denying his motion to vacate court costs based upon his affidavit of indigency. We disagree.
 {¶ 19} In his brief, Appellant concedes that the assessment of court costs against him is permissible but argues that the collection of same at the present time is not due to his indigent status. Appellant states in his brief that a hold was placed on his institutional account at the Chillicothe Correctional Institute whereby $10.00 per month is being garnished to go toward the payment of court costs.
 {¶ 20} This issue was considered by the Ohio Supreme Court inState v. White, 103 Ohio St.3d 580, 2004-Ohio-5989, which held:
 {¶ 21} "We next turn our attention to R.C. 2949.14, which authorizes common pleas courts' clerks to certify and enforce judgments for costs. It states, "Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution * * *." The bill is then presented to the prosecuting attorney for examination and certification. "Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted." R.C. 2929.14. The clerk is therefore required to certify a bill of costs and attempt collection from nonindigent defendants. The statute, however, is silent as to indigent defendants. Similarly, R.C. 309.08(A), which imposes a general duty upon prosecuting attorneys to attempt collection of costs, is silent as to the indigent status of defendants. The General Assembly has neither explicitly prohibited nor explicitly required collection from indigent defendants. "`It is the duty of this court to give effect to thewords used [in a statute], not to delete words used or toinsert words not used.' (Emphasis added.)" Bernardini v.Conneaut Area City School Dist. Bd. of Edn. (1979),58 Ohio St.2d 1, 4, 12 O.O.3d 1, 3, 387 N.E.2d 1222, quotingColumbus-Suburban Coach Lines, Inc. v. Pub. Util. Comm. (1969),20 Ohio St.2d 125, 127, 49 O.O.2d 445, 254 N.E.2d 8. We are therefore left to infer from this silence that collection from indigent defendants is merely permissive. As we have discussed above, R.C. 2947.23 requires a judge to assess costs against all convicted criminal defendants, and waiver of costs is permitted — but not required — if the defendant is indigent. It logically follows that a clerk of courts may attempt the collection of assessed court costs from an indigent defendant.
 {¶ 22} Based on the foregoing, this Court finds that the trial court did not err in overruling Appellant's motion to vacate court costs and garnishment.
 {¶ 23} Appellant's sole assignment of error is overruled.
 {¶ 24} Accordingly, the judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.
Boggins, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Perry County Court of Common Pleas is affirmed. Costs assessed to appellant.