OPINION
{¶ 1} Defendant-appellant, Thomas Williams, appeals from a judgment entry of the Fayette County Court of Common Pleas denying his motion to recover funds seized from his inmate account at the Fayette County Jail. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On March 7, 2005, appellant pled guilty to one count of breaking and entering, one count of grand theft of a motor vehicle, one count of safecracking, and one count of receiving stolen property. In its judgment and sentencing entry, the court sentenced appellant to a term of imprisonment, ordered him to pay restitution and the costs of prosecution in the amount of $1,253.40, and awarded judgment and execution for those costs. That same day, the Fayette County Clerk of Courts issued a writ of execution against appellant's property in satisfaction of the costs ordered by the court. On March 8, 2005, pursuant to the court's order, the Fayette County Jail issued a check from appellant's county jail account in the amount of $706.46, payable to the Fayette County Court of Common Pleas Clerk of Courts. Appellant was later transferred to the London Correctional Institution.
 {¶ 3} On August 18, 2005 appellant filed a motion to recover the confiscated funds, arguing that the amount taken from his inmate account represented monies he had received as a part of a personal injury settlement and were therefore exempt from execution. Appellant stated in his motion that due to his incarceration, he was unable to appear before the court but requested that the court issue an order returning the exempt funds. On September 22, 2005 appellant also filed a petition for writ of replevin to recover the funds. The state responded, arguing that appellant had failed to demonstrate how the funds in his inmate account qualified for the exemption and that appellant, as an inmate, was ineligible for the exemption. The trial court overruled appellant's motion by a one line entry dated October 20, 2005. Appellant filed this appeal raising three assignments of error.
 {¶ 4} For purposes of discussion, we will address appellant's second assignment of error first.
 {¶ 5} Assignment of Error No. 2:
 {¶ 6} "THE TRIAL COURT ERRED AND VIOLATED DEFENDANTS [sic] DUE PROCESS RIGHTS."
 {¶ 7} Appellant argues that he was denied due process of law when the court seized money from his account at the Fayette County Jail without providing him with notice of the execution and an opportunity to assert statutory exemptions. Appellant cites to R.C. 5120.133 and Ohio Adm. Code 5120-5-03 for the proposition that notice and a hearing are required prior to garnishing an inmate's prison account. However, those sections refer to the authority and procedure of the Department of Rehabilitation and Corrections and do not apply to the actions of the trial court in issuing the writ of execution against appellant's property. The writ of execution in the case at bar was issued pursuant to R.C. 2949.15. That section states, in relevant part:
 {¶ 8} "If a nonindigent person convicted of a felony fails to pay the costs of prosecution * * * the clerk of the court of common pleas shall forthwith issue to the sheriff of the county in which the indictment was found, * * * executions against his property for fines and the costs of prosecution, * * *."
 {¶ 9} The Eleventh District Court of Appeals has explained that this section "sets forth the proper procedure for the clerk of the court of common pleas to execute a forfeiture of a defendant's property to pay court costs." State v. McDowell,
Portage App. No. 2001-P-149, 2003-Ohio-5352. In McDowell, the court faced a similar question with regard to the process due a convicted defendant in the court's collection of court-ordered costs of prosecution. In that case, the defendant argued on appeal that the trial court had violated due process when the sheriff seized a canoe pursuant to a writ of execution issued under R.C. 2949.15 without providing notification or a forfeiture hearing prior to the seizure. Id. at ¶ 48, 52. The court explained that R.C. 2949.15 does not require the trial court to hold a hearing or special proceeding prior to the forfeiture of property. Id. at ¶ 56. The court held that the trial court was not required to hold a hearing prior to the seizure and forfeiture of the defendant's canoe. Id. at ¶ 61, see generally,Witherspoon v. Belt (1964), 177 Ohio St. 1 (holding that money that an accused has in his possession at the time he is taken into custody and which remains in the possession of law enforcement officers is `property' within the meaning of R.C.2949.15 and is subject to execution for the payment of the costs of prosecution).
 {¶ 10} We agree that R.C. 2949.15 does not require a hearing prior to the seizure of a defendant's property for purposes of collecting court-ordered costs of prosecution. In the case at bar, as in McDowell, it was the legal duty of the clerk to issue the writ of execution as granted in appellant's judgment of conviction and sentencing entry. Accordingly, appellant's second assignment of error is overruled.
 {¶ 11} Because appellant's first and third assignments of error both ultimately challenge the court's ability to seize the confiscated funds, we will address both assignments together.
 {¶ 12} Assignment of Error No. 1:
 {¶ 13} "THE CONFISCATION OF DEFENDANTS [sic] ACCIDENT INSURANCE SETTLEMENT PROCEEDS WAS AGAINST OHIO LAW."
 {¶ 14} Assignment of Error No. 3:
 {¶ 15} "THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANTS [sic] MOTION TO RECOVER CONFISCATED FUNDS."
 {¶ 16} The arguments under appellant's first and third assignments of error challenge the court's execution against property which appellant claims was exempt pursuant to R.C.2329.66. R.C. 2329.66 states that every person domiciled in the sate may hold certain property exempt from "execution, garnishment, attachment or sale to satisfy a judgment or court order." The R.C. 2329.66 exemption claimed by appellant states that the following property is exempt from execution:
 {¶ 17} "Except in cases in which the person who receives the payment is an inmate, as defined in section 2969.21 of the Revised Code, and in which the payment resulted from a civil action or appeal against a government entity or employee, as defined in section 2969.21 of the Revised Code, a payment, not to exceed five thousand dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent." (Emphasis added.) R.C.2329.66(A)(12)(c).[1]
 {¶ 18} R.C. 2329.69 states that these exemptions "apply to all courts in this state, and a person is entitled to all applicable exemptions in any case or proceeding before any court or officer."
 {¶ 19} "When reviewing whether a trial court correctly interpreted and applied a statute, an appellate court employs a de novo standard as it presents a question of law." Bauer v.Bauer, Clermont App. No. CA2002-10-083, 2003-Ohio-2552, ¶ 6, citing Akron v. Frazier (2001), 142 Ohio App. 3d 718. Additionally, when reviewing a question of law, an appellate court may only review the record as presented to the trial court. See, Rogers v. Rogers, Butler App. No. CA2004-08-207,2005-Ohio-2661, ¶ 15, citing, State v. Ishmail (1978),54 Ohio St.2d 402.
 {¶ 20} Appellant argues, as he did in his motion to the trial court, that the monies in his Fayette County Jail account included the proceeds of an insurance settlement resulting from a car accident and were therefore exempt from execution. The trial court denied appellant's motion by a single line entry without further explanation.
 {¶ 21} The state cites Bell v. Beightler, Franklin App. No. 02AP-569, 2003-Ohio-88, for the proposition that appellant, as an inmate, does not qualify for the exemption. However, the Tenth Appellate District did not make that determination in Bell, but rather found the appellant Bell's claim regarding the constitutionality of the R.C. 2329.66(A)(12)(c) exemption was not ripe for review. Id. at ¶ 66 (finding that Bell had not yet received the proceeds of his federal class-action lawsuit against the prison, the funds had not yet been placed in his inmate account, and therefore Bell's argument regarding the constitutionality of the exemption was not yet ripe for review). Further, the use of the coordinating conjunction "and" with regard to the two conditions listed as exceptions to the exemption requires an interpretation that both conditions must exist. Therefore, appellant, as an "inmate," would have to receive the personal injury proceeds as a result of a civil action against a government entity or employee. As that is not the situation presented by the facts of the case before us, the question for review is whether appellant sufficiently demonstrated that the money in his Fayette County Jail account qualified for the exemption under R.C. 2329.66(A)(12)(c). We find that he did not.
 {¶ 22} With his motion to the trial court, appellant included a letter from his insurance company regarding a claim upon his policy. The letter, addressed to appellant and care of Fayette County Jail, states that an evaluation of his injury claim had been completed and that a $1,000 settlement offer was being tendered in exchange for full and final release of appellant's claim. The letter further states that the settlement check would be issued upon receipt of the signed release.
 {¶ 23} However, while appellant stated in his motion that he did, in fact, receive and deposit a check from his insurance company into his jail account, no such evidence was included with appellant's motion. Without evidence of the check that appellant claimed he received from his insurance company, and evidence that the check was actually deposited into appellant's Fayette County Jail account, appellant's motion failed to demonstrate that the money in his jail account included the claimed insurance proceeds.[2]
 {¶ 24} Further, as argued by the state, appellant failed to sufficiently demonstrate in his motion that the claimed insurance proceeds represented payment for bodily injury only. The letter from appellant's insurance provider is insufficient to show that no portion of the insurance proceeds represented "actual pecuniary loss" or compensation for "pain and suffering" as are specifically excluded from the exemption. Based on the evidence presented to the trial court, we find no error in the court's denial of appellant's motion to return the funds seized from his county jail account. Accordingly, appellant's first and third assignments of error are overruled.
 {¶ 25} Judgment Affirmed.
Walsh and Bressler, JJ., concur.
[1] R.C. 2629.21(D) defines an "inmate" as "a person who is in actual confinement," and specifically includes a county jail. R.C. 2629.21(B)(1) defines "a civil action or appeal against a government entity or employee" as "a civil action than an inmate commences against the state, * * * or an employee of the state * * * in a court of common pleas, court of appeals, county court, or municipal court."
[2] We note that appellant attached a copy of what appears to be a check for $1,000 from his insurance provider to his appellate brief. However, no such evidence was presented to the trial court in appellant's original motion and therefore that document cannot be considered in our review of the trial court's decision.