[Cite as *State v. Snodgrass*, 2025-Ohio-5550.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-36 |
| Appellee | : | |
| | : | Trial Court Case Nos. 06CR1043; |
| v. | : | 06CR1342 |
| | : | |
| MARWAN A. SNODGRASS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| | | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on December 12, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

EPLEY, P.J., and HANSEMAN, J., concur.

MARWAN A. SNODGRASS, Appellant, Pro Se
ROBERT C. LOGSDON, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Marwan Snodgrass appeals from a decision of the trial court overruling his pro se motion for the return of $623.00 seized in connection with his 2007 criminal convictions. For the following reasons, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶ 2} In 2007, Snodgrass was convicted of felonious assault (peace officer), carrying a concealed weapon, assault with a firearm specification, and having weapons while under disability. Multiple items of contraband, including $623.00, a weapon, and a scale, were seized by the Springfield Police Department in connection with Snodgrass' offenses. At sentencing the trial court ordered the clerk to seize the $623.00 from the police department and apply it toward the court costs imposed upon Snodgrass's convictions. Snodgrass's convictions were affirmed on appeal, and he did not contest the seizure of the $623.00 or seek the return of the weapon or the scale. *State v. Snodgrass*, 2008-Ohio-4019 (2d Dist.).

{¶ 3} Snodgrass filed his pro se motion for the return of the $623.00 on December 9, 2024. His motion did not address the return of the weapon or the scale. He argued that the State never pursued forfeiture of the money, and that his offenses did not contain forfeiture specifications, "precluding forfeiture under R.C. 2981.04." Snodgrass asserted that he had been declared indigent, so the $623.00 belonged to him.

{¶ 4} On March 7, 2025, the court overruled the motion. It noted that the "$623.00 was forfeited to the State of Ohio in the 7/25/0[7] Judgment Entry of Conviction." Snodgrass

filed a motion to file a delayed appeal, and on June 10, 2025, this Court determined that Snodgrass's appeal was timely filed because the time in which to appeal from the trial court's entry had never started to run.

**Assignments of Error and Analysis**

{¶ 5} Snodgrass asserts two assignments of error:

THE TRIAL COURT ERRED BY ORDERING MONEY WHICH THE POLICE SEIZED TO BE PAID TO CLERK OF COURTS IN PARTIAL PAYMENT OF COURT COST.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING MR. SNODGRASS'S MOTION TO RETURN SEIZED PROPERTY IN DEROGATION OF OHIO'S FORFEITURE STATUTES AS WELL AS THE TAKINGS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶ 6} The State responds that the court did not err in applying the $623 to Snodgrass's court costs. According to the State, neither the forfeiture statutes nor the takings clauses are applicable, and Snodgrass was not entitled to a hearing. The State asserts that Snodgrass waived his assigned errors by failing to raise them on direct appeal.

{¶ 7} Snodgrass's assigned errors fail for two reasons. They are barred by res judicata, and they also fail on the merits.

I

{¶ 8} A sentencing entry is a final, appealable order as to costs. *State v. Threat*, 2006-Ohio-905, paragraph three of the syllabus. The following is well-settled:

"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and

3

litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

*State v. Howard*, 2014-Ohio-4602, ¶ 9 (2d Dist.), quoting *State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

{¶ 9} In *State v. Fields*, 2002-Ohio-5549 (2d Dist.), Randall Fields appealed from an order denying his motion to vacate court costs and fines and for the return of funds already collected. *Id.* at ¶ 1. This court determined that it "is well established under Ohio law that challenges to sentencing errors, including the imposition [and execution] of court costs, must be made on direct appeal." *Id.* at ¶ 6. Because Fields "could have raised this issue of costs in his previous appeal to this Court, but did not," res judicata applied, and "the trial court did not err in denying [Field's] motion." *Id.* The same is true here. Snodgrass could have challenged the imposition and collection of court costs on direct appeal from his convictions, but he did not. Res judicata applies to Snodgrass's motion.

II

{¶ 10} Snodgrass also relies upon R.C. Ch. 2981 in his brief, which governs the forfeiture of property. The trial court indicated that the $623 was "forfeited" to the State. In spite of the trial court's mischaracterization of the process as a forfeiture rather than as an execution for fines and costs, Snodgrass's reliance on the forfeiture statutes is misplaced.

{¶ 11} R.C. 2981.02 governs the forfeiture of property connected to criminal activity, and it outlines the types of property subject to forfeiture in Ohio. Forfeiture can occur through either criminal or civil processes, as specified in R.C. 2981.04 and R.C. 2981.05, both of which require notice and hearings to determine whether property is subject to forfeiture. The

4

purposes of forfeiture are "to provide economic disincentives and remedies to deter and offset the economic effect of offenses by seizing and forfeiting contraband, proceeds, and certain instrumentalities." R.C. 2981.01.

{¶ 12} In contrast, the statute relevant to this case, R.C. 2949.15, supplies a procedural mechanism to recover the fines and the costs of prosecution ordered in a criminal case. Under this statute, if a nonindigent defendant convicted of a felony fails to pay the costs of prosecution, the clerk shall issue executions against the person's property. This process is distinct from forfeiture.

{¶ 13} R.C. 2949.15 states:

If a nonindigent person convicted of a felony fails to pay the costs of prosecution pursuant to section 2949.14 of the Revised Code, the clerk of the court of common pleas shall forthwith issue to the sheriff of the county in which the indictment was found, and to the sheriff of any other county in which the person has property, executions against his property for fines and the costs of prosecution, which shall be served and returned within ten days, with the proceedings of such sheriff or the certification that there is no property upon which to levy, indorsed thereon.

{¶ 14} "Money that an accused has in his possession at the time he is taken into custody and which is turned over to and remains in the possession of law enforcement officers is 'property' within the meaning of [R.C. 2949.15] and is subject to execution for the payment of the costs of the prosecution." *Witherspoon v. Belt*, 177 Ohio St.1, 3 (1964). "A criminal defendant is not entitled to notice and an opportunity to be heard before a clerk may issue an execution against property under R.C. 2949.15." *State v. Stewart,* 2024-Ohio-2831, ¶ 15 (2d Dist.), citing *State v. Lykins*, 2017-Ohio-9390, ¶ 32 (4th Dist.); *State v. Williams*,

5

2006-Ohio-5660, ¶ 10 (12th Dist.); *State v. McDowell*, 2002-Ohio-5352, ¶ 56 (11th Dist.); *Witherspoon* at 3. As the State asserts, the takings clauses of the United States and Ohio Constitution do not apply because the execution to pay court costs enforced a judgment and was not an appropriation of private property. *See Phillips v. McCarthy*, 2016-Ohio-2994, ¶ 21 (10th Dist.) ("The takings clauses of the Fifth Amendment to the United States Constitution and Article I, Section 19 of the Ohio Constitution prohibit the state from taking private property for public use without just compensation.")

{¶ 15} Finally, Snodgrass's indigent status did not preclude execution under Ohio law. *Lykins* rejected the argument that R.C. 2949.15 prohibits execution against an indigent defendant's property. *Lykins* at ¶ 31, citing *State v. White*, 2004-Ohio-5989 (holding that clerks of court may attempt to collect assessed court costs from indigent defendants).

{¶ 16} For the foregoing reasons, Snodgrass's assignments of error are barred by res judicata and fail on their merits, and they are overruled.

## Conclusion

{¶ 17} Having overruled Snodgrass's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and HANSEMAN, J., concur.

6