ABELE, J.
{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. The court found Stephen D. Lykins, defendant below and appellant herein, guilty of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(2).[1] Appellant assigns the following errors for review:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN IMPOSING A $1,000.00 FINE UPON MR. LYKINS."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRONEOUSLY ASSESSED COSTS FOR DISMISSED CHARGES."
THIRD ASSIGNMENT OF ERROR:
"MR. LYKINS WAS ASSESSED COSTS THAT WERE NOT AUTHORIZED BY LAW."
FOURTH ASSIGNMENT OF ERROR:
"THE CLERK OF COURTS ISSUED IMPROPERLY, AND WITHOUT AUTHORITY, AN EXECUTION AGAINST MR. LYKINS'S PROPERTY FOR BOTH FINES AND THE COSTS OF PROSECUTION."
{¶ 2} After an Adams County grand jury returned an indictment that charged appellant with three counts of pandering obscenity involving a minor. Subsequently, appellant agreed to plead guilty to one count of pandering obscenity involving a minor and the trial court sentenced appellant to serve six years in prison. The court also (1) classified appellant a tier II sex offender/child victim offender registrant; (2) ordered appellant "to pay a $1,000.00 fine currently in [appellant]'s bank account" and to "pay all costs of the prosecution of this action for which execution is awarded, and any fees permitted pursuant to [R.C] 2929.18(A)(4)." The court "specifically [found] in the imposition of financial sanctions that [appellant] has the past, *506 present and future income ability and/or potential to satisfy all financial sanctions imposed." This appeal followed.[2]
I
{¶ 3} In his first assignment of error, appellant contends that the trial court erred by imposing a $1,000 fine. He asserts that the court considered only whether his bank account held sufficient funds to pay the fine. Appellant further argues that the trial court should not have considered his social security benefits when evaluating his ability to pay. Appellant claims that his social security benefits essentially are sacrosanct and cannot be considered when a sentencing court evaluates a criminal defendant's ability to pay a fine.
A
PLAIN ERROR
{¶ 4} We first observe that appellant did not object at sentencing to the trial court's imposition of a $1,000 fine. He further did not assert that he lacked the ability to pay the fine, that the court could not consider the funds in his bank account, or that the court could not consider his social security benefits when evaluating his ability to pay. His failure to raise these issue before the trial court means that he forfeited the right to raise them on appeal. State v. Anderson , 4th Dist. Scioto No. 15CA3696, 2016-Ohio-7252, 2016 WL 5889176, ¶ 34 ; State v. Newman , 2015-Ohio-4283, 45 N.E.3d 624 (4th Dist.), ¶ 40, citing State v. Mendez , 7th Dist. Mahoning No. 13MA86, 2014-Ohio-2601, 2014 WL 2725935, ¶ 11, quoting State v. Potts , 7th Dist. Harrison No. 07HA4, 2008-Ohio-643, 2008 WL 435005, ¶ 7 ("[A]n offender who does not raise his ability to pay a financial sanction at the time the sanction is imposed waives any argument concerning his ability to pay on direct appeal."). We may, however, review appellant's assignment of error for plain error. Anderson ; Newman , citing State v. Leslie , 4th Dist. Hocking Nos. 10CA17 and 10CA18, 2011-Ohio-2727, 2011 WL 2225152, ¶ 27 (applying plain error rule when defendant failed to object to trial court's restitution order); accord State v. Thomas , 152 Ohio St.3d 15, 2017-Ohio-8011, 92 N.E.3d. 821, ¶ 32 (stating that Crim.R. 52(B) allows court to recognize plain error "notwithstanding an accused's failure to meet his obligation to bring those errors to the attention of the trial court").
{¶ 5} Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B) thus permits a court to recognize plain error if the party claiming error establishes (1) that " 'an error, i.e., a deviation from a legal rule' " occurred, (2) that the error is a plain or " 'an "obvious" defect in the trial proceedings,' " and (3) that this obvious error affected substantial rights, i.e., the error " 'must have affected the outcome of the trial.' " State v. Rogers , 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22, quoting State v. Barnes , 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002) ; accord Thomas at ¶¶ 32-33. For an error to be "plain" or "obvious," the error must be plain "under current law" "at the time of appellate consideration." Johnson v. United States , 520 U.S. 461, 467, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) ; accord *507 Henderson v. United States , 568 U.S. 266, 279, 133 S.Ct. 1121, 185 L.Ed.2d 85 (2013) ; Barnes , 94 Ohio St.3d at 27, 759 N.E.2d 1240 ; State v. G.C. , 10th Dist. Franklin No. 15AP-536, 2016-Ohio-717, 2016 WL 764409, ¶ 14. Even when, however, a defendant demonstrates that a plain error or defect affected his substantial rights, the Ohio Supreme Court has " 'admonish[ed] courts to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." ' " Rogers at ¶ 23, quoting Barnes , 94 Ohio St.3d at 27, 759 N.E.2d 1240, quoting State v. Long , 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.
{¶ 6} In the case sub judice, as we explain below, we do not believe appellant has established that the trial court plainly erred by imposing the $1,000 fine.
B
STANDARD OF REVIEW
{¶ 7} R.C. 2953.08(G)(2) defines appellate review of felony sentences and provides in relevant part:
The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
(b) That the sentence is otherwise contrary to law.
{¶ 8} The statute thus indicates that "appellate courts may not apply the abuse-of-discretion standard" when reviewing felony sentences. State v. Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10. Instead, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." Id. at ¶ 1.
Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Cross v. Ledford, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.
Id. at ¶ 22.
{¶ 9} Thus, in the case sub judice, we may not disturb the trial court's decision to impose a $1,000 fine unless the record clearly and convincingly shows that the fine is contrary to law. State v. Noble , 4th Dist. Athens No. 15CA20, 2017-Ohio-1440, 2017 WL 1400008, ¶¶ 45-46 ; accord State v. Farless , 6th Dist. Lucas Nos. L-15-1060 and L151061, 2016-Ohio-1571, 2016 WL 1547098, ¶ 4 ; see Marcum at 23 (stating that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the *508 appellate court finds by clear and convincing evidence that the record does not support the sentence").
C
FINANCIAL SANCTIONS
{¶ 10} R.C. 2929.18(A) allows a sentencing court to "sentence [a felony] offender to [a] financial sanction." R.C. 2929.18(A)(3) permits a trial court to impose a fine upon a second-degree felony offender in an amount no greater than $15,000.
{¶ 11} Before a court may impose a financial sanction, R.C. 2929.19(B)(5) requires a trial court to consider "the offender's present and future ability to pay the amount of the sanction or fine." In general, a trial court's imposition of a fine is contrary to law when the record fails to indicate that the trial court made " 'even a cursory inquiry into the offender's present and future' " ability to pay the amount imposed. Newman at ¶ 44 (applying former abuse-of-discretion standard applicable to felony-sentence review and stating that trial court abuses its discretion under these circumstances), citing State v. Rickett , 4th Dist. Adams No. 07CA846, 2008-Ohio-1637, 2008 WL 901480, ¶ 4, quoting State v. Bemmes , 1st Dist. Hamilton No. C-010522, 2002-Ohio-1905, 2002 WL 507337, ¶ 9 ; State v. Dennis , 4th Dist. Highland No. 13CA6, 2013-Ohio-5633, 2013 WL 6797186, ¶ 14 ; State v. Collier , 184 Ohio App.3d 247, 2009-Ohio-4652, 920 N.E.2d 416, ¶ 11 (10th Dist.) (explaining that imposition of financial sanction contrary to law if the record clearly and convincingly shows that the trial court did not actually consider the offender's ability to pay). "This is a low standard." State v. Smith, 10th Dist., 2017-Ohio-7740, 97 N.E.3d 1068, ¶ 46. Thus, as long as the record contains some indication that the trial court considered the offender's present and future ability to pay the sanction or fine, the court's imposition of a financial sanction is not contrary to law. Id. , citing Collier at ¶ 14.
{¶ 12} We note, moreover, that a trial court need not expressly state on the record that it considered an offender's ability to pay. Newman at ¶ 44, citing Rickett at ¶ 6 (citations omitted). Thus, the absence of an explicit statement does not necessarily require a reversal of a court's imposition of a financial sanction. Id. Instead, when a trial court fails to make an explicit finding regarding an offender's ability to pay, a reviewing court may consider the entire record to ascertain whether this finding may be inferred. Id. , citing Rickett at ¶ 6 ; accord State v. Brewer , 2014-Ohio-1903, 11 N.E.3d 317, 326, ¶ 45 (4th Dist.) ; State v. Bulstrom , 2013-Ohio-3582, 997 N.E.2d 162, ¶ 15 (4th Dist.). We have therefore held that "[i]f the record shows that the court considered a presentence investigation report that provides pertinent information about the offender's financial situation and his ability to pay the financial sanction, it has met its obligation under R.C. 2929.19(B)(5)." State v. Petrie , 4th Dist. Meigs No. 12CA4, 2013-Ohio-887, 2013 WL 967832, ¶ 5 ; e.g., Bulstrom at ¶ 15 ; accord State v. Ayers , 2d Dist. Greene No. 2004CA0034, 2005-Ohio-44, 2005 WL 32801, ¶ 25 ("Information contained in a presentence investigation report relating to defendant's age, health, education and employment history, coupled with a statement by the trial court that it considered the presentence report, has been found sufficient to demonstrate that the trial court considered defendant's ability to pay a financial sanction."). We hasten to add, however, that courts have upheld financial sanctions even in the absence of a presentence investigation report. See Newman at ¶ 51. Additionally, we *509 have been reluctant to recognize error in imposing financial sanctions when an offender fails to argue before the trial court that the offender lacks the present or future ability to pay and fails to present testimony or evidence to that effect. See id. at ¶ 53.
{¶ 13} We further observe that R.C. 2929.19(B)(5) does not specify any particular factors that the court must consider, or findings that the court must make, when considering the offender's present and future ability to pay. Id. at ¶ 44, citing State v. Martin , 140 Ohio App.3d 326, 338, 747 N.E.2d 318 (4th Dist.2000) ; Smith , supra , at ¶ 47. Although the statute does not contain any factors that a trial court must consider in evaluating an offender's ability to pay, reviewing courts generally have identified some of the following factors as relevant when considering an offender's ability to pay: (1) the offender's age; (2) the offender's employment history and potential; (3) the offender's education; (4) the offender's health; (5) the length of the offender's prison term; (6) the offender's source of income; (7) the offender's income potential; (8) whether the offender is indigent; and (9) the amount of the fine. See generally Newman at ¶ 50 (considering offender's age, education, employment history and potential, health, and length of prison term); see also State v. Hicks , 8th Dist. Cuyahoga No. 105083, 2017-Ohio-8312, 2017 WL 4861577, ¶ 11 and ¶ 18 (noting that courts may consider offender's age, health, work history, education, prison-term-length, and earning capacity); Smith at ¶ 49 (considering offender's employment, amount of money found on person, health, and income potential).
{¶ 14} In the case sub judice, we again emphasize out that the trial court explicitly stated that it considered appellant's present and future ability to pay the $1,000 fine. Appellant, however, claims that the record indicates that the trial court looked solely to his bank account balance at the time of sentencing when deciding to impose the fine. We do not agree. The trial court considered the presentence investigation report and noted the following: (1) appellant had been gainfully employed in the past and worked for approximately 30 years as a self-employed construction worker; (2) he has been receiving disability payments for the past three years due to degenerative disk disease, asthma, and high blood pressure; (3) his disability payments are his sole source of income; and (4) appellant "has no financial assets or obligations." The court further pointed out that appellant would be able to earn $17 to $19 per month while incarcerated. Thus, while the trial court did ask how much money appellant's bank account held, we do not agree that the court relied solely on this factor. Instead, the trial court considered the totality of appellant's circumstances. Moreover, appellant has not pointed to any controlling authority to indicate that a trial court cannot consider funds held in an offender's bank account. In fact, the amount of money in an offender's bank account would seem to be a relevant factor to consider when evaluating an offender's present ability to pay.
{¶ 15} Furthermore, we note that the amount of the fine in the case sub judice is not so high as to represent an insurmountable burden to appellant. Appellant will have the ability to earn $17 per month while incarcerated. Consequently, we do not believe that the record clearly and convincingly demonstrates that the trial court failed to consider appellant's ability to pay the $1,000 fine or that the imposition of the $1,000 fine is contrary to law.
{¶ 16} Appellant also argues that the trial court wrongly considered his social security disability benefits when evaluating *510 his ability to pay. Appellant did not raise this specific issue before the trial court, and we therefore decline to address it. See Risner v. Ohio Dept. of Nat. Resources, Ohio Div. of Wildlife , 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 28, quoting Sizemore v. Smith , 6 Ohio St.3d 330, 332, 453 N.E.2d 632 (1983), fn. 2 (explaining that courts "should be hesitant to decide" forfeited issues " 'for the reason that justice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination' "). We additionally recognize that appellant did not point to any direct controlling authority that states a trial court cannot consider social security benefits when evaluating an offender's ability to pay under R.C. 2929.19(B)(5). Instead, the authority appellant cites generally states that social security payments are not subject to garnishment, attachment, etc. Consequently, any error that the court may have committed by considering appellant's social security benefits would not be an obvious error. Also, we again observe that the trial court considered appellant's earning potential while imprisoned (i.e., $17-$19 per month), and the amount of money he possessed. Thus, the court did not look solely to appellant's social security disability benefit when it evaluated his ability to pay.
{¶ 17} We also point out that appellant's status as an indigent defendant who qualified for appointed counsel does not demonstrate that he lacks the present or future ability to pay. "Being 'indigent' and being 'unable to pay' are not the same. Indigency concerns a defendant's current financial situation, whereas an inability to pay encompasses his future financial situation as well." State v. Plemons , 2nd Dist. Montgomery Nos. 26434, 26435, 26436 and 26437, 2015-Ohio-2879, 2015 WL 4387378, ¶ 7. As the court explained in Plemons :
Merely alleging indigency and an inability to afford private counsel does not establish an inability to pay a fine. Indeed, "[a] finding of indigence for purposes of appointed counsel does not shield the defendant from paying a fine." State v. Lewis , 2d Dist. Greene No.2011-CA-75, 2012-Ohio-4858 [2012 WL 5076174], ¶ 16. " 'This is because the ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings.' " Id. , quoting State v. Kelly , 145 Ohio App.3d 277, 284, 762 N.E.2d 479 (12th Dist.2001).
Id. at ¶ 9. Accord State v. Davenport , 85 N.E.3d 443, 2017-Ohio-688 (2nd Dist.), ¶ 35, cause dismissed, 148 Ohio St.3d 1438, 2017-Ohio-1345, 72 N.E.3d 653 ; Smith at ¶ 47 ; State v. Black , 8th Dist. Cuyahoga No. ----, 2017-Ohio-8063, 2017 WL 4423006, ¶ 51 (stating that a finding of indigency for purposes of appointed counsel does not necessarily show inability to pay financial sanction). Moreover, this court previously has determined that simply because a trial court finds a defendant indigent for purposes of appointed counsel does not mean that the defendant lacks the future ability to pay. Noble at ¶ 58, citing State v. Bulstrom , 4th Dist., 997 N.E.2d 162, 2013-Ohio-3582, ¶ 17 ; State v. Waddell , 4th Dist. Lawrence No. 10CA27, 2011-Ohio-4629, 8, 2011 WL 4089547, fn. 2 ("Indigency for purposes of affording counsel, and for purposes of paying fines, are separate and distinct issues").
{¶ 18} Consequently, we do not find clear and convincing evidence in the record to indicate that the trial court's imposition of a $1,000 fine is contrary to law, and we do not find any plain error.
{¶ 19} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
*511 II
COSTS OF PROSECUTION
{¶ 20} Appellant's second and third assignments of error challenge the trial court's assessment of the costs of prosecution. For ease of discussion, we consider them together.
{¶ 21} In his second assignment of error, appellant asserts that the trial court incorrectly assessed the costs of prosecuting the two charges that later were dismissed. Appellant notes that the record indicates that the court assessed $124 for each of the three charges initially filed in Adams County Court. Appellant argues that because two of the charges eventually were dismissed, the court cannot assess the costs of prosecuting those dismissed charges. He thus asserts that we must vacate the costs assessed for the two dismissed charges.
{¶ 22} In his third assignment of error, appellant argues that the trial court erred by assessing costs that are not statutorily authorized. Appellant appears to raise this assignment of error as an alternative to his second assignment of error. He asserts: "If this Court does not vacate the costs relating to [appellant]'s dismissed counts or hold that the $124.00 amount constitutes the sum of county-court costs transferred for each case, then [appellant] asserts that the specific amounts charged in the cost bill are unauthorized."
{¶ 23} R.C. 2947.23 provides that "[i]n all criminal cases, * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." R.C. 2947.23(A)(1)(a). We point out that the statute indicates that a judge can include the costs of prosecution "in the sentence." "[T]he meaning of word 'sentence' in the context of a criminal case is '[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution.' " State v. Powers , 117 Ohio App.3d 124, 128, 690 N.E.2d 32 (6th Dist.1996), quoting Black's Law Dictionary (6 Ed. 1990) 1362. "Accordingly, the intent of the statute is to impose costs on a defendant after his or her conviction." Id. Consequently, a judge can assess the costs of prosecution " 'only if the state is successful.' " State v. Weddington , 4th Dist. Scioto No. 15CA3695, 2015-Ohio-5249, 2015 WL 9072063, ¶ 13, quoting Powers , 117 Ohio App.3d at 128, 690 N.E.2d 32, and citing State v. Karasek , 2d Dist. Montgomery Nos. 17408 and 17563, 2002 WL 1041939, *6 (May 24, 2002) (stating that trial court erred in ordering defendant to pay all the costs associated with her prosecution, rather than just those associated with the charge of which she was found guilty). Thus, "[t]here is absolutely no authority for a court to assess costs against a criminal defendant who has not been sentenced following a conviction unless, as part of a plea bargain, the parties have agreed otherwise." Willoughby v. Sapina , 11th Dist. Lake Nos. 2000-L-138 and 2000-L-139, 2001-Ohio-8707, 2001 WL 1602651, *2 ; Cuyahoga Falls v. Coup-Peterson , 124 Ohio App.3d 716, 717, 707 N.E.2d 545 (9th Dist.1997) (stating that "there is no authority for a court to assess costs against a defendant who has not been sentenced, absent an agreement otherwise between the parties"); accord Nelson v. Colorado , ---U.S. ----, 137 S.Ct. 1249, 1256, 197 L.Ed.2d 611 (2017) (stating that state "may not retain funds taken from [defendants] solely because of their now-invalidated convictions, for [a state] may not presume a person, adjudged guilty of no crime, nonetheless guilty enough for monetary exactions"); Powers , 117 Ohio App.3d at 128, 690 N.E.2d 32 (determining that court could not impose costs incurred as a *512 result of jury trial on charges for which jury did not convict defendant). Instead, R.C. 2947.23 authorizes a trial court to assess the costs related to a prosecution only when a defendant has been found guilty and sentenced. Id. ; see also State ex rel. Dayton Law Library Assn. v. White , 110 Ohio St.3d 335, 2006-Ohio-4573, 853 N.E.2d 651, ¶ 34 (noting that losing party ordinarily pays court costs and that "[i]n unsuccessful state-law prosecutions in municipal court * * * the losing party is technically the state * * *").
{¶ 24} In the case at bar, appellant was convicted of and sentenced for one count of pandering obscenity involving a minor. The court dismissed the remaining two counts. All three charges originated from separate complaints filed in municipal court. The listing of fees contained in the record indicates that appellant has been assessed the costs incurred in all three court cases. However, he entered a guilty plea to only one count, and the trial court sentenced him for only one count. Therefore, in accordance with the foregoing authority, it is improper to impose costs associated with the dismissed counts. We therefore agree with appellant that the court may not assess the costs associated with the two charges that the court dismissed.[3]
{¶ 25} Accordingly, based upon the foregoing reasons, we sustain appellant's second assignment of error reverse this portion of the judgment and remand this matter with instructions to the trial court to determine the amount of costs actually incurred as a result of prosecuting the one count for which appellant was found guilty and sentenced and to modify the costs of prosecution as needed.[4]
{¶ 26} Inasmuch as appellant framed his third assignment of error as an alternative to his second assignment of error, we will not address his third assignment of error. Instead, we find it moot and do not address it.[5] App.R. 12(A)(1)(c).
III
EXECUTION OF COSTS
{¶ 27} In his fourth assignment of error, appellant asserts that the Clerk of Courts improperly issued a writ of execution against his property. He contends that before the clerk could issue the writ, he is *513 entitled to an itemized bill and an adequate opportunity to pay. Appellant further argues that R.C. 2949.15 only permits a writ of execution to issue against nonindigent convicted felons. He asserts that his indigent status precluded the clerk from issuing the writ. Appellant thus contends that the writ of execution is void.
{¶ 28} The state argues that a direct appeal from a judgment of conviction and sentence is not the proper avenue to challenge the writ. The state does not, however, cite any direct authority to support its proposition. Rather, the state includes a general citation to State v. Nobles , 106 Ohio App.3d 246, 665 N.E.2d 1137 (2nd Dist. 1995), following its statement that "there are no facts in the record upon which this court can rely to render the relief appellant seeks." We, however, reviewed Nobles and it does not indicate that an appellant cannot challenge a clerk of court's issuance of a writ of execution through a direct appeal from a judgment of conviction and sentence. Instead, the state appears to rely upon the following quotation that appears in Nobles : "The allegation Nobles raises here is based on facts that are not in the record, and so we can award her no remedy on direct appeal." Id. at 275, 665 N.E.2d 1137.
{¶ 29} Appellant responds that Lingo v. State , 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, "illustrates that direct appeal is the process the Supreme Court of Ohio envisioned to resolve court-cost disputes."
{¶ 30} Assuming, arguendo, that we may consider appellant's challenge to the clerk's writ of execution against his property (see generally Lingo , State v. White , 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, and State v. Threatt , 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164 ), we do not agree with appellant that the writ is void. First, we point out that the sheriff returned the execution against appellant's property for $.01. Appellant has not cited any authority that authorizes us to set aside the execution and order a return of $.01. See generally 40 Ohio Jur. 3d Enforcement of Judgments, Section 307 (footnotes omitted) ("The writ of execution is of no further effect after the return is made or after the return day of the writ, and the officer's power over the process ends at that time."). Additionally, appellant did not request a stay of execution, and did not request the trial court to set aside, quash, or recall the execution. See generally 40 Ohio Jur. 3d Enforcement of Judgments, Section 306 (footnotes omitted) ("Returns of execution may be set aside if made through a mistake."); 40 Ohio Jur. 3d Enforcement of Judgments, Section 340 (footnotes omitted) ("Since every court has control and supervision over its own process, it has the power to quash, set aside, or recall an execution").
{¶ 31} Furthermore, we disagree with the substance of appellant's argument. Two Ohio Supreme Court cases appear to directly refute his assertion that the clerk cannot issue an execution against an indigent defendant's property and attempt collection from an indigent defendant. In White , the court held: "a clerk of courts may attempt the collection of assessed court costs from an indigent defendant." Id. at ¶ 14. In Threatt , the court considered whether R.C. 2949.14 and R.C. 2947.23 permit "court costs assessed as part of a sentence [to] be collected against a[n indigent] defendant convicted of a felony by levy or garnishment * * * [.]" Id. at ¶ 10. The Threatt court determined that "the state may use any collection method that is available for collection of a civil judgment for money, as well as the procedures set out in R.C. 5120.133 if the defendant is incarcerated." Id. at ¶ 16. Consequently, we disagree with appellant that the clerk cannot execute against his property based upon his indigent status.
*514 {¶ 32} Moreover, Ohio courts have not recognized that a criminal defendant is entitled to notice and an opportunity to be heard before a clerk may issue an execution against property under R.C. 2949.15. In Threatt , the court noted that R.C. 2947.23(B)[6] sets forth a hearing process, but the court did not rule that a court must afford a defendant a hearing before collection efforts begin. The court explained:
R.C. 2947.23(B) defines a hearing process to be used after a defendant has failed to pay a judgment for costs. It permits, but does not require, a court to order the defendant to perform community service for credit against the judgment. The statute goes on to provide: "Except for the credit and reduction provided in this division, ordering an offender to perform community service under this division does not lessen the amount of the judgment and does not preclude the state from taking any other action to execute the judgment."
Id. at ¶ 12.
{¶ 33} We further note that R.C. 2949.15 states:
If a nonindigent person convicted of a felony fails to pay the costs of prosecution pursuant to section 2949.14 of the Revised Code, the clerk of the court of common pleas shall forthwith issue to the sheriff of the county in which the indictment was found, and to the sheriff of any other county in which the person has property, executions against his property for fines and the costs of prosecution, which shall be served and returned within ten days, with the proceedings of such sheriff or the certification that there is no property upon which to levy, indorsed thereon.
When a levy is made upon property under such execution, a writ shall forthwith be issued by the clerk for the sale thereof, and such sheriff shall sell the property and make return thereof, and after paying the costs of conviction, execution, and sale, pay the balance to the person authorized to receive it.
Courts have held that " R.C. 2949.15 does not require a hearing prior to the seizure of a defendant's property for purposes of collecting court-ordered costs of prosecution."
*515 State v. Williams , 12th Dist. Fayette No. CA2005-11-030, 2006-Ohio-5660, 2006 WL 3059793, ¶ 10 ; accord State v. McDowell , 11th Dist. Portage No. 2001-P-0149, 2003-Ohio-5352, 2003 WL 22290889, ¶ 56 (stating that the "language of R.C. 2949.15 does not require the trial court to hold a hearing or special proceeding prior to the forfeiture of property").
{¶ 34} Thus, we do not agree with appellant that the execution against his property is void due to his status as an indigent defendant and due to the expediency with which the clerk issued the writ. Moreover, even if we believed that the miscalculation of court costs (see our discussion of appellant's second assignment of error) requires setting aside or modification of the writ, we point out that the amount of the return was $.01. Any court-cost miscalculation that occurred would not result in a sum less than $.01. Thus, any error in executing the writ did not affect appellant's substantial rights and would be harmless error that we must disregard. Crim.R. 52(A).
{¶ 35} Accordingly, based upon the foregoing reasons, we overrule appellant's fourth assignment of error and affirm the trial court's judgment of conviction and sentence except as it relates to the calculation of court costs. Thus, we reverse the trial court's calculation of costs and remand the matter to the trial court with instructions to evaluate the itemized cost bill in accordance with this opinion and to amend it accordingly.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
Hoover, J.: Concurs in Judgment & Opinion
McFarland, J.: Concurs in Judgment Only as to Assignments of Error II, III & IV; Dissents as to Assignment of Error I

R.C. 2907.321(A)(2) states:
(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
* * * *
(2) Promote or advertise for sale or dissemination; sell, deliver, disseminate, display, exhibit, present, rent, or provide; or offer or agree to sell, deliver, disseminate, display, exhibit, present, rent, or provide, any obscene material that has a minor as one of its participants or portrayed observers;

We dismissed appellant's original appeal from the trial court's judgment of conviction and sentence because the court did not dispose of the two remaining counts of the indictment. State v. Lykins , 4th Dist. Adams No. 16CA1021, 2016-Ohio-8409, 2016 WL 7626615. On January 6, 2017, the trial court dismissed the remaining two counts and appellant filed a new notice of appeal.

The state argues that appellant failed to object at sentencing to the trial court's imposition of costs and, thus, forfeited all but plain error. As appellant notes, however, appellant challenges the calculation of the costs. Appellant did not receive an itemized bill until after sentencing had occurred and after the trial court had entered its judgment of conviction and sentence. Thus, absent filing a motion under R.C. 2947.23(C), see fn. 4 infra, appellant's other avenue of relief would appear to be a direct appeal. See Lingo v. State , 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 39, citing State v. Threatt , 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph four of the syllabus (stating that "[c]osts are part of a defendant's final, appealable judgment entry of sentence").

We point out that R.C. 2947.23(C) states that "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." Due to the fact-intensive nature that may be involved in reviewing the costs of prosecution, we believe that trial courts are better equipped to address the exact amount of costs in the first instance.

Our ruling on appellant's second assignment of error means that the trial court will need to re-examine the costs charged to appellant to determine which costs are properly associated with appellant's conviction and sentence for one count of pandering obscenity involving a minor, and which are attributable to the dismissed counts. The trial court may, therefore, deem it appropriate to further modify the cost bill. Our statement should not, however, be construed as an opinion as to the appropriateness of any specific charge associated with the one count of which appellant was convicted and sentenced.

R.C. 2947.23(B) states:
If a judge or magistrate has reason to believe that a defendant has failed to pay the judgment described in division (A) of this section or has failed to timely make payments towards that judgment under a payment schedule approved by the judge or magistrate, the judge or magistrate shall hold a hearing to determine whether to order the offender to perform community service for that failure. The judge or magistrate shall notify both the defendant and the prosecuting attorney of the place, time, and date of the hearing and shall give each an opportunity to present evidence. If, after the hearing, the judge or magistrate determines that the defendant has failed to pay the judgment or to timely make payments under the payment schedule and that imposition of community service for the failure is appropriate, the judge or magistrate may order the offender to perform community service until the judgment is paid or until the judge or magistrate is satisfied that the offender is in compliance with the approved payment schedule. If the judge or magistrate orders the defendant to perform community service under this division, the defendant shall receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed shall reduce the judgment by that amount. Except for the credit and reduction provided in this division, ordering an offender to perform community service under this division does not lessen the amount of the judgment and does not preclude the state from taking any other action to execute the judgment.