[Cite as *State v. Craig*, 2018-Ohio-1279.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 17CA29 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| FREDERICK JOSEPH CRAIG, JR., | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 03/29/18** |

APPEARANCES:

Frederick J. Craig, Jr., Caldwell, Ohio, Pro Se Appellant.

Keller J. Blackburn, Athens County Prosecutor, and Merry M. Saunders, Assistant Athens County Prosecutor, Athens, Ohio, for Appellee.

McFarland, J.

{¶1} Frederick Joseph Craig, Jr., appeals the July 31, 2017 Judgment Entry by which he was resentenced to a consecutive prison term, an aggregate total of 16 years in the state penal system. Appellant contends that he, a first-time felon, was denied his Sixth Amendment right to the effective assistance of counsel throughout the trial court and appellate proceedings. Having reviewed Appellant's assignments of error, the record, and the pertinent case law, we find his arguments are barred by application of the doctrine of res judicata. As such, we overrule his assignments of error and affirm the judgment of the trial court.

FACTS

{¶2}  Following a domestic incident which occurred in March 2015 at the home of Appellant's ex-spouse, Julie Nott, Appellant was indicted by the Athens County Grand Jury as follows:

Count 1, attempted murder, R.C. 2923.02/2903.02(A), a felony of the first degree;

Count 2, attempted murder, R.C. 2923.02/2903.02(B), a felony of the first degree;

Count 3, felonious assault, R.C. 2903.11(A)(1), a felony of the second degree;

Count 4, felonious assault, R.C.2903.11(A)(2), a felony of the second degree;

Count 5, aggravated robbery, R.C. 2911.01(A)(1), a felony of the first degree;

Count 6, aggravated robbery, R.C. 2911.01(A)(3), a felony of the first degree;

Count 7, aggravated burglary, R.C. 2911.11(A)(2), a felony of the first degree;

Count 8, aggravated burglary, R.C. 2911.11(A)(1), a felony of the first degree;

Count 9, tampering with evidence, R.C. 2921.12(A)(1), a felony of the third degree; and,

Count 10, domestic violence, R.C. 2919.25(A), a misdemeanor of the first degree.

{¶3} The altercation between Appellant and his ex-spouse involved the use of a knife as a weapon. Ms. Nott sustained serious injuries to her stomach, chest, side, and thumb. A complete recitation of the underlying facts and circumstances surrounding the incident is set forth in paragraphs 2-7 of our decision in *State v. Craig,* 4th Dist. Athens No. 15CA22, 2017-Ohio-4342 (*"Craig I"*).

{¶4} On June 4, 2015, Appellant entered a plea agreement and was subsequently convicted of attempted murder of Julie Nott. He was also convicted of two counts of felonious assault, two counts of aggravated robbery, two counts of aggravated burglary, tampering with evidence, and domestic violence all arising from the same domestic incident. On June 22, 2015, Appellant was sentenced to a consecutive prison term for an aggregate total of 26 years in the state penal system.

{¶5} Appellant appealed his sentence to this court and we found merit to two issues raised. We reversed the judgment of the trial court, in part, and remanded for a limited resentencing. *See Craig I* at ¶ 54. Appellant's resentencing occurred on July 24, 2017. On that date, the trial court sentenced him to consecutive sentences for an aggregate total of 16 years in the state penal system.

{¶6} On August 24, 2017, Appellant filed timely notice of appeal of the trial court's resentencing entry. On September 1, 2017, Appellant also filed a motion to reopen his appeal pursuant to App.R. 26(B), asserting that his appellate counsel was ineffective because counsel should have raised two additional arguments

within the initial appeal: (1) ineffective assistance of counsel throughout the trial court proceedings; and (2) deprivation of various constitutional rights which culminated in his pleading guilty to several of the counts contained in the indictment filed against him.[1]  Appellant also appealed our decision in *Craig I* to the Supreme Court of Ohio.

{¶7}  On November 1, 2017, Appellant's appeal to the Supreme Court was not accepted for review. *See State v. Craig,* 151 Ohio St.3d 1428, 2017-Ohio-8371, 84 N.E.3d 1065 (Table).  In our decision journalized December 8, 2017 in the Athens County Common Pleas Court, we denied Appellant's motion to reopen his appeal.  We found Appellant's assignments of error set forth in the motion to reopen were barred by the doctrine of res judicata as they could have been raised in his direct appeal.

{¶8}  In Appellant's current appeal of the resentencing entry, he asserts the same assignments of error and arguments as he did in the motion to reopen his appeal.

ASSIGNMENTS OF ERROR

"I. THE DEFENDANT-APPELLANT, A FIRST TIME FELON
WHO WAS UNFAMILIAR WITH THE LEGAL PROCESS, WAS
DENIED HIS SIXTH AMENDMENT RIGHTS TO EFFECTIVE
ASSISTANCE OF COUNSEL THROUGHOUT THE TRIAL

---

[1] In Appellant's brief submitted September 1, 2017 in the appeal of the resentencing entry, Appellant indicates the brief will serve as the only brief in both the resentencing appeal and the motion to reopen proceeding, as he "seeks" to submit a "Consolidated Appeal Brief."  However, Appellant did not file a motion to consolidate the matters, and the appellate record reflects that they were not consolidated sua sponte.

COURT PROCEEDINGS AND PLAIN ERROR WAS COMMITTED, WITH HARM AND PREJUDICE OF GUILTY PLEAS TO THE TAMPERING WITH EVIDENCE COUNTY(SIC.) AND THE THREE COUNTS OF AGGRAVATED BURGLARY AS THESE OFFENSES WERE NOT COMMITTED.

II. THE TRIAL COURT, STATE, AND DEFENSE COUNSEL THROUGH THEIR COLLECTIVE ACTIONS HARMED AND PREJUDICED THIS DEFENDANT-APPELLANT, THEREBY VIOLATING HIS DUE PROCESS, EQUAL PROTECTION, DOUBLE JEOPARDY, STATUTORY, AND CONSTITUTIONAL RIGHTS BY ALLOWING HIM TO PLEAD GUILTY TO AND TO CONVICT AND SENTENCE HIM TO CONSECUTIVE PRISON TERMS OF TWO AND SIX YEARS RESPECTIVELY FOR TAMPERING WITH EVIDENCE AND THREE AGGRAVATED BURGLARY COUNTS FOR WHICH HE NOR ANYONE COMMITTED."

## STANDARD OF REVIEW

{¶9} When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Scoggins,* 4th Dist. Scioto No. 16CA3767, 2017-Ohio-8989, ¶ 96; *State v. Brewer,* 2014–Ohio–1903, 11 N.E.3d 317, ¶ 33 (4th Dist.) ("we join the growing number of appellate districts that have abandoned the *Kalish* plurality's second step abuse-of-discretion standard of review; when the General Assembly reenacted R.C. 2953.08(G)(2), it expressly stated that '[t]he appellate court's standard of review is not whether the sentencing court abused its discretion' "); *see also State v. Graham,* 4th Dist. Highland No. 13CA11, 2014–Ohio–3149, ¶ 31.  R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the

court clearly and convincingly finds either that "the record does not support the

sentencing court's findings" under the specified statutory provisions or "the

sentence is otherwise contrary to law."

> "Clear and convincing evidence is that measure or degree of proof
> which is more than a mere "preponderance of the evidence," but not
> to the extent of such certainty as is required "beyond a reasonable
> doubt" in criminal cases, and which will produce in the mind of the
> trier of facts a firm belief or conviction as to the facts sought to be
> established. *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118
> (1954), paragraph three of the syllabus." *State v. Lykins,* 4th Dist.
> Adams No. 17CA1040, 2017-Ohio-9390, ¶ 8, quoting *State v.*
> *Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at
> ¶ 22.

## LEGAL ANALYSIS

**{¶10}** We consider Appellant's assignments of error jointly herein.  As

indicated above, in this appeal of the resentencing entry, Appellant raises the same

arguments as he did in his motion to reopen his appeal.  Since we have recently

resolved his motion for reopening, we will limit our discussion to his claims of

ineffective assistance of trial counsel.

**{¶11}** Despite entering pleas to seven counts, Appellant now submits actual

innocence as to the aggravated burglary and tampering with evidence counts.[2]

Appellant entered pleas to two counts of aggravated burglary and directs our

attention to that statute, R.C. 2911.11, which provides in pertinent part:

---

[2] In his pleadings, Appellant has repeatedly stated he entered pleas to three counts of aggravated burglary.  The record demonstrates he entered pleas to two counts of aggravated robbery and two counts of aggravated burglary.

"(A) No person, *by force, stealth, or deception,* shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.* * *."
(Emphasis added)

{¶12} Appellant contends that there was no evidence that he "by force, stealth, or deception" trespassed into Julie Nott's house.[3] He claims he was at his ex-spouse's house by invitation.

{¶13} Appellant also entered a plea to Count 9, tampering with evidence. This conviction arose from evidence that after the domestic incident between the ex-spouses, Appellant threw the knife involved into an open bag of dog food in the kitchen and then exited Ms. Nott's house. He directs us to the tampering with evidence statute, Revised Code section R.C. 2921.12, which provides:

"(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:

(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation; * * *."

---

[3] The aggravated burglary counts were Count 7 and Count 8 of the indictment.

{¶14} Appellant claims he tossed the knife into a bag of dog food as the police arrived, for the purpose of not having a weapon on his person (as opposed to the purpose of preventing the discovery of the knife). He further claims that he informed the police of the knife's location. Appellant concludes there was no evidence of intent to conceal the knife that was used in the altercation and therefore, the element supporting a tampering with evidence conviction was lacking.

{¶15} In summary, Appellant argues that his court-appointed counsel was ineffective for failing to properly investigate the case, inform him of the lack of relevant evidence, or otherwise challenge several of the counts of the indictment. Appellant maintains that had his trial counsel challenged the offenses and "informed him" of the lack of evidence, Appellant clearly would not have pleaded to the offenses.

{¶16} When we recently denied Appellant's motion to reopen his case, we found his arguments regarding actual innocence as well as the knowing and voluntary nature of his plea, were barred by the doctrine of res judicata. We cited another Fourth District case, *State v. Snyder*, 4th Dist. Pike No. 16CA881, 2017-Ohio-8091, at ¶ 28:

> "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was

raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *Snyder, supra,* quoting *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus. *Accord State v. Pulliam,* 4th Dist. Scioto No. 16CA3759, 2017–Ohio–127, ¶ 10."

**{¶17}** In our decision in *Snyder,* we also cited *State v. Young*, 8th Dist. Cuyahoga No. 104861, 2017-Ohio- 5579. There, Young entered guilty pleas to various felony counts. Young appealed the length of his sentence and the appellate court affirmed. Young then filed a motion to vacate his guilty plea pursuant to Crim.R. 32.1, which was denied. The *Young* decision, citing the doctrine of res judicata, held at ¶ 7:

"Young could have raised any argument regarding ineffective assistance of counsel relating to his plea * * * in his direct appeal. Because he did not do so, his ineffective assistance of counsel claim is now barred by res judicata; * * *."

**{¶18}** In Appellant's appeal of his resentencing, the doctrine of res judicata also applies. Appellant, like Young, has already had his direct appeal and did not challenge his convictions, only the sentence he received. The same arguments Appellant now raises were known or should have been available to him to be raised at the time of his direct appeal. Because he did not raise the issue of trial counsel's alleged ineffectiveness relating to his plea in his direct appeal, his claim is now barred by application of the doctrine of res judicata.

**{¶19}** For the foregoing reasons, we overrule Appellant's assignments of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
Matthew W. McFarland


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**