[Cite as *State v. Brock*, 2021-Ohio-1279.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | | |
|---|---|---|---|
| State of Ohio, | : | Case Nos. | 20CA1123 |
| | | | 20CA1124 |
| Plaintiff-Appellee, | : | | |
| v. | : | DECISION AND | |
| | | JUDGMENT ENTRY | |
| Julie Brock, | : | | |
| Defendant-Appellant. | : | **RELEASED 4/9/2021** | |

_____

APPEARANCES:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

David Kelley, Adams County Prosecutor, and Anthony Hurst, Assistant Adams County Prosecutor, West Union, Ohio, for appellee.

_____

Hess, J.

{¶1}   Julie Brock appeals her possession of drug sentences in two cases, and we sua sponte consolidate the appeals for purposes of decision. Brock asserts that the trial court erred when it imposed a fine in each case and that we must vacate the fines under R.C. 2953.08(G)(2). Brock suggests the fines are clearly and convincingly contrary to law because the trial court failed to consider her present and future ability to pay them as required by R.C. 2929.19(B)(5); however, the record demonstrates compliance with the statute. Brock also asserts that the record does not clearly and convincingly support the fines because she proved that she lacks the present or future ability to pay them. However, R.C. 2953.08(G)(2) does not permit an appellate court to vacate a fine on the basis that the record does not support a finding on ability to pay under R.C. 2929.19(B)(5). Accordingly, we reject Brock's challenge to the fines.

**{¶2}** Next, Brock asserts that the trial court erred when it imposed court costs in each case. Brock acknowledges the court had a statutory duty to render a judgment against her for the costs of prosecution but suggests the court abused its discretion by not waiving the costs under R.C. 2947.23(C) or cancelling them under R.C. 2303.23 because she lacks the present or future ability to pay them. However, Brock did not move for waiver or cancellation of the costs at the trial level and therefore has forfeited all but plain error as to these issues. She does not argue plain error on appeal, and we decline to construct a plain error argument on her behalf. Accordingly, we reject Brock's challenge to the costs and affirm the trial court's judgments.

## I. FACTS AND PROCEDURAL HISTORY

**{¶3}** The Adams County grand jury indicted Brock on two fifth-degree felony counts of possession of drugs in case number 2019-0128 and one fifth-degree felony count of possession of drugs in case number 2019-0142. The court appointed counsel for her in each case, and Brock initially pleaded not guilty to the charges. Subsequently, in 2019-0128, Brock pleaded guilty to one count of possession of drugs in exchange for dismissal of the other count, and in 2019-0412, Brock pleaded guilty as charged. The court ordered a presentence investigation report ("PSI").

**{¶4}** At the sentencing hearing, the court indicated that it had considered the PSI and summarized its contents on the record. According to the PSI, Brock was 48 years old and had been married for 30 years; however, Brock indicated that she and her husband were separated at the time of the sentencing hearing. The PSI stated that Brock had graduated high school, had attended college for several years but did not earn a degree, had no further educational or vocational training, and had no military

history.  According to the PSI, Brock "reported to be in poor health as she suffers from lupus, chronic fatigue, fibromyalgia, Epstein Barr syndrome, and arthritis."  However, she was not under a physician's care or prescribed any medications, had no "known diseases," and had "never received any mental health treatment."  The PSI indicated that Brock "reported no work history," receives $587 per month from Social Security disability, and has a medical card.  The PSI also noted that Brock "owns her home located on 6.9 acres" and that she had listed her financial obligations as a house payment, utilities, insurance, and taxes.

{¶5}  In each case, the court sentenced Brock to two years of community control and ordered a period of intensive supervision, community service, weekly attendance of AA/NA meetings, and 45 days in county jail.  The court asked Brock what fines it should impose, and she said: "That's entirely up to you.  I'm not, I'm not a professional.  I'm not, you've got a law degree.  You've got all this I'm just telling you what I, I would appreciate if you would just have some mercy on me * * * [sic]."  In each case, the court imposed a $1,500 fine and ordered Brock "to pay all costs of prosecution, and any supervision fees permitted pursuant to ORC 2929.18(A)(4)."  The court asked Brock how much of the fines she could "afford to pay" each month.  Brock evidently already owed $7,500 in fines and costs in a Scioto County case and owed money in an Adams County case.  She responded: "I'm paying $40 a piece or a $40 in Portsmouth.  And then I have, um, the town here I am $30 every month.  Um, so could I just pay $40 or $20 on each one or does it [inaudible] together?  Can I just pay $40 on this one too?  Well, well, I got probation fees too, so I only get like $587.50 a month

[sic]."  The court ordered her to pay $25 per month toward each $1,500 fine, and Brock

said, "Yes sir."  During the sentencing hearing, the court also stated that it

> specifically finds in the imposition of these financial sanctions the defendant has the past present future [sic] income ability and or potential to satisfy these financial sanctions.  Uh, she had suggested as part of her sentence that, uh, Scioto County was fair uh, apparently less union was fair [sic], and she has the ability to pay these.  She has a 6.9 acres [sic] and a home as well as assets for these reasons the court finds he [sic] has the past present future [sic] income ability to satisfy these financial sanctions."

The sentencing entries also state:  "**The Court specifically finds in the imposition of financial sanctions that the defendant has the past, present and future income ability and/or potential to satisfy all financial sanctions as imposed**."  (Emphasis sic.)

{¶6}    Brock appealed her sentence in 2019-0128 in Adams App. No. 20CA1124 and her sentence in 2019-0142 in Adams App. No. 20CA1123.

## II.  ASSIGNMENTS OF ERROR

{¶7}    Brock presents the same two assignments of error in each appeal:

1.  "The trial court erred in imposing a fine against Ms. Brock."

2.  "The trial court erred in imposing court costs on Ms. Brock."

## III.  LAW AND ANALYSIS

### A.  Fines

{¶8}    In the first assignment of error in each appeal, Brock challenges the trial court's imposition of a fine.  Brock maintains that we must apply the standard of review in R.C. 2953.08(G)(2) and vacate the fines.  She suggests the fines are clearly and convincingly contrary to law because the record does not support the conclusion that the trial court considered her present and future ability to pay them as required by R.C.

2929.19(B)(5).  Brock also asserts that the record does not clearly and convincingly support the fines because she proved that she lacks the present or future ability to pay them.  Brock highlights the fact that she filed an affidavit of indigency, that the trial court appointed counsel for her, that she has "a lot of illnesses including lupus and receives SSI disability of $550 per month," and that she pays "$70 a month in fines/costs to other courts" in addition to regular household expenses. Brock acknowledges that she sometimes helps her mom "working at a shop" but asserts that her only payment is "help with cigarettes and stuff."  Brock also acknowledges that she owns 6.9 acres of land and a home but notes that during the arraignment hearing, she told the court the property was in foreclosure.

{¶9}   R.C. 2953.08(G)(2) states:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶10}  R.C. 2929.18(A) authorizes a court sentencing an offender for a felony to "sentence the offender to any financial sanction or combination of financial sanctions authorized under" that section.  R.C. 2929.18(A)(3)(e) permits the court to impose a fine

upon a fifth-degree felony offender in an amount not more than $2,500. "Before imposing a financial sanction under section R.C. 2929.18 of the Revised Code * * *, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(5). "A court that imposes a financial sanction upon an offender may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it," R.C. 2929.18(E), but it is not required to do so, *State v. Moscoso*, 5th Dist. Muskingum No. CT2018-0012, 2018-Ohio-2877, ¶ 79. In general, a sentencing court's imposition of a financial sanction under R.C. 2929.18 is contrary to law when the record fails to indicate that the court made even a cursory inquiry into the offender's present and future ability to pay the sanction. *See State v. Lykins*, 2017-Ohio-9390, 102 N.E.3d 503, ¶ 11 (4th Dist.). " 'This is a low standard.' " *Id.*, quoting *State v. Smith*, 2017-Ohio-7740, 97 N.E.3d 1068, ¶ 47 (10th Dist.). "Thus, as long as the record contains some indication that the trial court considered the offender's present and future ability to pay the sanction or fine, the court's imposition of a financial sanction is not contrary to law." *Id.*

{¶11} Although preferable for appellate review, "a trial court need not expressly state on the record that it considered an offender's ability to pay." *Id.* at ¶ 12. "[W]hen a trial court fails to make an explicit finding regarding an offender's ability to pay, a reviewing court may consider the entire record to ascertain whether this finding may be inferred." *Id.* If the record demonstrates " 'that the court considered a presentence investigation report that provides pertinent information about the offender's financial situation and his [or her] ability to pay the financial sanction, it has met its obligation under R.C. 2929.19(B)(5).' " *Id.* at ¶ 12, quoting *State v. Petrie*, 4th Dist. Meigs No.

12CA4, 2013-Ohio-887, ¶ 5.  However, "courts have upheld financial sanctions even in the absence of a presentence investigation report."  *Id.*  Moreover, this court has "been reluctant to recognize error in imposing financial sanctions when an offender fails to argue before the trial court that the offender lacks the present or future ability to pay and fails to present testimony or evidence to that effect."  *Id.*

{¶12}  "R.C. 2929.19(B)(5) does not specify any particular factors that the court must consider, or findings that the court must make, when considering the offender's present and future ability to pay."  *Id.* at ¶ 13.  "[R]eviewing courts generally have identified some of the following factors as relevant when considering an offender's ability to pay: (1) the offender's age; (2) the offender's employment history and potential; (3) the offender's education; (4) the offender's health; (5) the length of the offender's prison term; (6) the offender's source of income; (7) the offender's income potential; (8) whether the offender is indigent; and (9) the amount of the fine."  *Id.*

{¶13} The trial court's imposition of the fines was not clearly and convincingly contrary to law.  Each $1,500 fine is within the $2,500 limit in R.C. 2929.18(A)(3)(e), and the record demonstrates that the court considered Brock's present and future ability to pay the fines before it imposed them as required by R.C. 2929.19(B)(5).   At the sentencing hearing, the court made an explicit finding regarding Brock's ability to pay, and the court reiterated that finding in the sentencing entries, finding Brock "**has the past, present and future income ability and/or potential to satisfy all financial sanctions as imposed**."  (Emphasis sic.)  Moreover, the record reflects that the court had information from which it could consider Brock's present and future ability to pay.  The court was aware of Brock's indigent status, but the fact that "a trial court finds a

defendant indigent for purposes of appointed counsel does not mean that the defendant lacks the future ability to pay." *Lykins*, 2017-Ohio-9390, 102 N.E.3d 503, at ¶ 17. The court also considered a presentence investigation report which provided pertinent information about Brock's financial situation and ability to pay such as her age, employment history, education, health, income, and assets. In addition, the court gave Brock an opportunity to recommend an amount for the fines, and she did not remind the court that her house was in foreclosure, assert that she lacked the present or future ability to pay any amount, or ask to present evidence on that subject. Brock did not object when the court imposed a $1,500 fine in each case—well below the maximum allowed by law. The court specifically inquired about how much of the fines Brock could afford to pay each month, and she suggested a payment plan of $20 per month in each case—$5 less than what the court ordered in each case.

{¶14} Although Brock challenges the trial court's assessment of her ability to pay, nothing in R.C. 2953.08(G)(2) authorizes this court to vacate a fine on the basis that the record does not support a sentencing court's finding on ability to pay under R.C. 2929.19(B)(5). "R.C 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions." *State v. Jones*, ___ Ohio St.3d ___, 2020-Ohio-6729, ___ N.E.3d ___, ¶ 28. R.C. 2929.19(B)(5) is not among the provisions listed. "Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified." *Id.* Moreover, "an appellate court's determination that the record does not support a sentence does not equate to a

determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32.

{¶15} For the foregoing reasons, we overrule the first assignment of error in each appeal.

### B. Costs

{¶16} In the second assignment of error in each appeal, Brock challenges the trial court's imposition of court costs. Brock acknowledges that the trial court had a statutory duty to render a judgment against her for the costs of prosecution but suggests the court abused its discretion by not waiving the costs under R.C. 2947.23(C) or cancelling them under R.C. 2303.23. Brock asserts that it is unlikely that she will ever be able to pay the costs because she is indigent, she is on a fixed income, "it does not appear that she will be able to work anytime in the foreseeable future," and "[a]ny significant assets she does own appear to be hindered by debts and foreclosure."

{¶17} R.C. 2947.23(A)(1)(a) states: "In all criminal cases, * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." However, R.C. 2947.23(C) states that "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." R.C. 2947.23(C) "provides no explicit criteria that a court should use in deciding whether to waive, suspend, or modify costs." *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 8. "[A] trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so." *Id.* at ¶ 16. R.C. 2303.23 states: "If at any time the court finds that an

amount owing to the court is due and uncollectible, in whole or in part, the court *may* direct the clerk of the court to cancel all or part of the claim.  The clerk shall then effect the cancellation." (Emphasis added.)  This statute is "merely permissive" and does "not require consideration of ability to pay."  *Taylor* at ¶ 15.

**{¶18}**  Generally, an appellate court reviews a trial court's decision whether to waive costs of prosecution under R.C. 2947.23(C) or to cancel an amount owing to the court under R.C. 2303.23 for an abuse of discretion.  *See State v. Harris*, 2d Dist. Greene No. 2019-CA-57, 2020-Ohio-3056, ¶ 12-13, 20.  However, Brock did not move the court for waiver or cancellation of the costs of her prosecution.  Crim.R. 52(B) states:  "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  To prevail under the plain error standard, "the defendant must establish that an error occurred, it was obvious, and it affected his or her substantial rights."  *State v. Fannon*, 2018-Ohio-5242, 117 N.E.3d 10, ¶ 21 (4th Dist.), citing Crim.R. 52(B).  "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

**{¶19}**  Brock has not argued plain error on appeal, and we decline to construct a plain error argument on her behalf.  *See State v. Steers*, 4th Dist. Washington No. 11CA33, 2013-Ohio-3266, ¶ 20 (declining to sua sponte review an assignment of error using a plain error analysis).  We do, however, observe that the only reasons Brock has given as to why the trial court should have waived the costs under R.C. 2947.23(C) or cancelled them under R.C. 2303.23 relate to her inability to pay them, and we reiterate

that those statutes do not require consideration of ability to pay.  *See Taylor* at ¶ 15-16.

We overrule the second assignment of error in each appeal.

IV.  CONCLUSION

**{¶20}** Having overruled the assignments of error, we affirm the trial court's

judgments.

JUDGMENTS AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENTS ARE AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
        Michael D. Hess, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**