[Cite as *State v. Dodd*, 2022-Ohio-4455.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 22CA5 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| ISAAC A. DODD, | : | |
| Defendant-Appellant. | : | **RELEASED 12/08/2022** |

_____

<u>APPEARANCES</u>:

L. Scott Petroff, Athens, Ohio, for appellant.

Nicole Tipton Coil, Washington County Prosecuting Attorney, Marietta, Ohio, for appellee.

_____

Hess, J.

{¶1}     Isaac A. Dodd appeals his conviction for felonious assault. He contends that his sentence was contrary to law because the trial court considered two factors at sentencing that lacked any basis in the record: (1) that he acted with racial animus against the victim and (2) that he had a prior criminal record as an adult. He argues that there was no evidence in the record that he acted with racial animus and that the offenses he committed as an adult were traffic offenses, not criminal offenses. He also contends that the trial court improperly imposed court costs on him even though he was indigent.

{¶2}     We reject his arguments and overrule his assignments of error. Dodd does not ask us to review whether the record supports the trial court's findings under R.C. 2953.08(G)(2)(a), but instead asks us to review the trial court's findings as they relate to racial animus and recidivism – findings under R.C. 2929.12(B)(8) and R.C. 2929.12(D)(2).

We have no authority to review the record to determine whether it supports the trial court's findings under R.C. 2929.12, or to modify or vacate the sentence on this ground. As to court costs, Dodd did not move for a waiver or cancellation of the costs at the trial level and therefore has forfeited all but plain error as to these issues. He does not argue plain error on appeal, and we decline to construct a plain error argument on his behalf. We affirm the trial court's judgment.

## I.     PROCEDURAL HISTORY

{¶3}     In September 2021, Dodd was indicted with one count of felonious assault in violation of R.C. 2903.11(A)(1) & (D)(1)(a), a second-degree felony, and one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and (B), a first-degree felony. Pursuant to a plea agreement, Dodd entered a written guilty plea to the felonious assault count and the state dismissed the aggravated burglary count. The trial court accepted his guilty plea and ordered a pre-sentence investigation (PSI) prior to the sentencing hearing held in March 2022.

{¶4}     At the sentencing hearing, the prosecutor described the following events which led to Dodd's conviction. Dodd texted the victim. The victim texted back and told him not to come over to her house or she would notify law enforcement. Dodd disregarded these instructions, went to the victim's home, waited outside for five to ten minutes, and then forcibly kicked in the door to the residence. The victim pushed Dodd away, but he grabbed the victim by the neck, pushed her against a wall, and strangled her for approximately 15 seconds, during which time the victim could neither breathe, nor talk. The prosecutor stated:

> While he was strangling her, Mr. Dodd referred to [the victim] as the n-word.

Unfortunately, I think it's the use of the n-word, which is the explanation for this crime. Many would consider this to be a hate crime. This does not mean that Isaac Dodd hated [the victim]; in fact, I don't see how that could even be possible, as they really didn't know each other.

I asked [the victim] why she thought Mr. Dodd had committed this crime, and she had absolutely no idea. * * * she said that he had used the same racial slur against her when they attended high school together, but they did not know each other or interact with each other.

Rather, what hate crimes means, is that the crime is committed because of a bias against a group of people because of a specific characteristic. In this case, it was because of [the victim's] skin color.

*      *      *

I previously gave Mr. Dodd credit for confessing and taking responsibility for his crime, as he wrote a letter of apology rather quickly after the event.

But when I read his PSI, I saw that he has no real remorse for this crime. * * * [w]hen asked how he felt about committing the offense, he said he was happy with it, if it kept her from talking s-h-i-t about her (sic) son. [sic in original]

In other words, it's okay with Mr. Dodd if he breaks into someone's home, calls them a racial slur, and attempts to strangle them if it gets them to stop saying things he does not like.

The state asked that Dodd be sentenced to six years in prison. The state informed the trial court that no restitution had been requested.

{¶5} Dodd's attorney spoke and noted that Dodd's juvenile history did not include offenses of violence and his adult criminal history was all traffic charges. He also argued that the offense was not a hate crime solely because a racial slur was used. According to Dodd's attorney, there was an ongoing conflict between Dodd and the victim concerning Dodd's infant child. The victim said things about Dodd's child that upset Dodd and resulted in him acting under strong provocation and addressing those comments "in the wrong way." Dodd's actions were "done as a way to deter the victim from saying things about his

child again." As a result, it "occurred under circumstances unlikely to recur." Dodd's attorney asked the trial court to "impose a three-year prison term, assess costs, and Mr. Dodd will be subject to mandatory post-release control, if he served all of his prison time." Later Dodd's attorney added a request that the sentence "be three years, up to a maximum of four-and-a-half years * * *." As to Dodd's ability to pay a financial sanction, Dodd's attorney explained that Dodd is on a fixed income, receives disability income and food stamps, and is unemployed.

{¶6}    The trial court found that no restitution was requested, and none would be ordered. The trial court also found that Dodd did not have future ability to pay any financial sanction and ordered no financial sanction. However, the trial court ordered Dodd to pay court costs and informed him that if he failed to do so, it could order Dodd to perform community service until the judgment is paid. The trial court ordered Dodd to serve a five-year prison term, with a maximum possible term of seven-and-a-half years and notified him that he would be subject to a period of mandatory post-release control for up to three years but no less than 18 months.

{¶7}    The trial court stated that it had considered the principles and purposes of sentencing pursuant to R.C. 2929.11 through R.C. 2929.29, it had weighed the seriousness and recidivism factors and the overriding purposes of felony sentencing to protect the public from future crime by the offender, to punish the offender using the minimum sanctions without imposing a burden on government resources, the need for incapacitating and deterring the offender, and the need for rehabilitating the offender and making restitution to the victim.

## II.  ASSIGNMENTS OF ERROR

**{¶8}**   Dodd assigns the following errors for our review:

1.      The trial court improperly considered factors at sentencing without any basis in the record for considering those factors.

2.      The trial court improperly imposed court costs on Mr. Dodd despite him being indigent.

### III. LEGAL ANALYSIS

### A. Felony Sentencing Review

### 1. Standard of Review

**{¶9}**   We review felony sentences under the standard set forth in R.C. 2953.08(G)(2):

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

**{¶10}**   We may vacate or modify a felony sentence if we clearly and convincingly find that the record does not support the trial court's findings. *State v. Layne*, 4th Dist. Adams No. 20CA1116, 2021-Ohio-255, ¶ 6. " 'This is an extremely deferential standard of review.' " *Id.* at ¶ 8, quoting *State v. Pierce*, 4th Dist. Pickaway No. 18CA4, 2018-Ohio-3943, ¶ 8. Clear and convincing evidence is proof that is more than a "mere preponderance of the evidence" but not of such certainty as "beyond a reasonable doubt," and produces in the mind a "firm belief or conviction" as to the facts sought to be established. *State v.*

*Conant,* 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 42; *see also State v. Hughes,* 4th Dist. Adams No. 21CA1127, 2021-Ohio-3127, ¶ 37-38.

### 2. Legal Analysis

**{¶11}** Dodd contends that his sentence is contrary to law because the record does not support the trial court's finding that his offense was motivated by racial animus. Specifically, Dodd's argues that R.C. 2929.12 establishes a list of factors to be considered in felony sentencing and includes whether the offender was motivated by prejudice based on race. *See* R.C. 2929.12(B)(8) ("In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion"). Dodd argues that while there was evidence in the PSI that he used a racial slur, this was not substantial evidence of racial animus under R.C. 2929.12(B)(8).[1]

**{¶12}** Dodd also argues that there were only traffic offenses in his adult criminal history and therefore the trial court improperly "applied the statutory guidelines," though he does not identify to which statutory guidelines he is referring. We believe he refers to R.C. 2929.12(D)(2), which allows the trial court to consider the offender's juvenile delinquency history and adult criminal history when it considers whether an offender is likely to commit future crimes.

**{¶13}** In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, the Court held that R.C. 2953.08(G)(2) does not permit an appellate court to review whether the record supports a sentence as a whole under R.C. 2929.11 and 2929.12. *Id.* at ¶ 30. The Court stated:

---

[1] Dodd also contends that there is nothing in the record to indicate either his or the victim's race. However, several documents in the record state the victim is "bi-racial" and Dodd is "white." For example, the PSI states that Dodd is white and several protection orders indicate the victim is biracial.

> Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. In particular, R.C. 2953.08(G)(2) does not permit an appellate court to conduct a freestanding inquiry like the independent sentence evaluation this court must conduct under R.C. 2929.05(A) when reviewing a death penalty-sentence. *See State v. Hundley*, 162 Ohio St.3d 509, 2020-Ohio-3775, 166 N.E.3d 1066, ¶ 128 (recognizing that R.C. 2929.05(A) requires de novo review of findings and other issues within its scope).

*Id.* at ¶ 42; *State v. Arbogast*, 4th Dist. Adams No. 20CA1119, 2021-Ohio-484, ¶ 7.

**{¶14}** Dodd essentially asks this court to review the record and determine whether it supports the trial court's finding of racial animus under R.C. 2929.12(B)(8) and its recidivism finding under R.C. 2929.12(D)(2). Based on *Jones,* we conclude that R.C. 2953.08(G)(2) does not permit us to conduct this type of review. *See State v. Hughes*, 4th Dist. Adams No. 21CA1127, 2021-Ohio-3127, ¶ 42.

**{¶15}** We overrule Dodd's first assignment of error.

### B. Imposition of Court Costs

**{¶16}** In his second assignment of error, Dodd challenges the trial court's imposition of court costs. Dodd acknowledges that the trial court had a statutory duty to assess the costs of prosecution against him but argues the court abused its discretion by not waiving the costs under R.C. 2947.23(C) or cancelling them under R.C. 2303.23. Dodd asserts that because the trial court found him to be indigent and unable to pay financial sanctions, it should have waived court costs and abused its discretion when it did not.

**{¶17}** R.C. 2947.23(A)(1)(a) states: "In all criminal cases, * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." However, R.C. 2947.23(C) states that "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at

the time of sentencing or at any time thereafter." R.C. 2947.23(C) "provides no explicit criteria that a court should use in deciding whether to waive, suspend, or modify costs." *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 8. "[A] trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so." *Id.* at ¶ 16. R.C. 2303.23 states: "If at any time the court finds that an amount owing to the court is due and uncollectible, in whole or in part, the court may direct the clerk of the court to cancel all or part of the claim. The clerk shall then effect the cancellation." This statute is "merely permissive" and does "not require consideration of ability to pay." *Taylor* at ¶ 15.

{¶18}   Generally, an appellate court reviews a trial court's decision whether to waive costs of prosecution under R.C. 2947.23(C) or to cancel an amount owing to the court under R.C. 2303.23 for an abuse of discretion. *See State v. Brock*, 4th Dist. Adams No. 20CA1123, 2021-Ohio-1279, ¶ 16-19; *State v. Harris*, 2d Dist. Greene No. 2019-CA-57, 2020-Ohio-3056, ¶ 12-13, 20. However, Dodd did not move the court for waiver or cancellation of the costs of his prosecution. In fact, at the sentencing hearing, his attorney appeared to ask that court costs be imposed upon Dodd when it asked the trial court to "assess costs." Crim.R. 52(B) states: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To prevail under the plain error standard, "the defendant must establish that an error occurred, it was obvious, and it affected his or her substantial rights." *State v. Fannon,* 2018-Ohio-5242, 117 N.E.3d 10, ¶ 21 (4th Dist.), citing Crim.R. 52(B). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to

prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

**{¶19}** Dodd has not argued plain error on appeal, and we decline to construct a plain error argument on his behalf. *See State v. Brock,* 4th Dist. Adams No. 20CA1123, 2021-Ohio-1279, ¶ 16-19 (declining to construct a plain error review of the trial court's imposition of court costs where defendant did not move for costs to be waived or cancelled). We do, however, observe that the only reasons Dodd has given as to why the trial court should have waived the costs under R.C. 2947.23(C) relate to his inability to pay them, and the statute does not require consideration of ability to pay. *See Taylor* at ¶ 15-16.

**{¶20}** We overrule Dodd's second assignment of error.

### IV. CONCLUSION

**{¶21}** We overrule Dodd's assignments of error and affirm his conviction.

**JUDGMENT AFFIRMED.**

### JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      Michael D. Hess, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**