[Cite as *State v. Blair*, 2025-Ohio-4898.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 24CA4077 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| v. | : | |
| Michael Blair, | : | **RELEASED 10/17/2025** |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:[1]

Shahara Brown, Columbus, Ohio, pro se appellant.[2]

Shane A. Tieman, Prosecuting Attorney, and Jay Willis, Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellant.

_____

Hess, J.

{¶1}     Shahara Brown appeals from a judgment entry of the Scioto County Court of Common Pleas which recast her Civ.R. 60(B) motion for relief from a forfeiture order in Michael Blair's criminal case as a R.C. 2981.04 petition and denied it as untimely. Brown presents two assignments of error asserting that the trial court erred by finding that R.C. Chapter 2981 "permits a state agency to obtain ownership of real estate through criminal forfeiture where, as here, none of the criminal defendants convicted or charged ever had an ownership interest in said property, and thus had no recognized legal interest

_____

[1] Michael Blair has not entered an appearance or otherwise participated in this appeal.
[2] Brown had appellate counsel who filed a brief on her behalf, but her appellate counsel has since withdrawn.

in the property to forfeit to the State" and that the trial court erred by finding that Brown's "automatic bankruptcy stay did not toll the 30-day deadline to file a motion for release of real property that is set forth in Ohio Revised Code § 2981.04." For the reasons which follow, we overrule the assignments of error and affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶2} In March 2020, the Scioto County grand jury issued a 65-count indictment against Blair and 18 others. Pertinent here, Count 1 alleged that the defendants engaged in a pattern of corrupt activity and included a forfeiture specification alleging that the defendants were owners and/or possessors of property located at 2522 Scioto Trail, Portsmouth, Ohio and certain personal property. The specification alleged that the property "was contraband and/or property derived from or through the commission or facilitation of the offense, and/or was an instrumentality the offender used or intended to use in the commission or facilitation of the offense and is subject to forfeiture pursuant to R.C. 2941.1417(A), 2981.02, and 2981.04." Pursuant to a plea agreement, Blair pleaded guilty to Count 1 and two other offenses and agreed to forfeiture of the property in the Count 1 specification. During the sentencing hearing, the trial court stated that it was going to order that all property in the Count 1 specification be forfeited to the State. On March 23, 2022, the court issued a sentencing entry which stated: "The defendant gives up any right, title and interest to all of the items listed in the forfeiture."

{¶3} On July 8, 2022, Brown filed a pro se motion for release of property. Brown claimed that on December 17, 2021, she became the owner of 2522 Scioto Trail. On July 7, 2022, she was served with the indictment and told she had to leave the property because the State owned it, but the people listed in the indictment did not own the

property. She asked the court to let her keep living there. After the court set the matter for hearing, Brown filed a document stating she did not want to proceed with the motion because she could not miss work, and the court found that she had withdrawn the motion.

{¶4} In August 2022, the court issued a "nunc pro tunc" entry which modified the forfeiture language in the sentencing entry to state: "The Court finds that the defendant gives up any right, title and interest to the items listed in the forfeiture and ORDERS that all of the items listed in the Specification to Count 1 be forfeited to the State of Ohio." In November 2022, a certificate and affidavit of publication was filed which indicated the Scioto Voice had published a notice about the forfeiture for two weeks. On January 12, 2023, the trial court issued a judgment entry for disposition of property ordering that all rights, title and interests in the property vested with the State. On March 2, 2023, the court issued an order that any person in possession of 2522 Scioto Trail deliver possession of the property immediately to law enforcement upon delivery of the order by personal service.

{¶5} On March 12, 2023, Brown filed a Chapter 13 bankruptcy petition. Pursuant to statute, the filing of a bankruptcy petition automatically stays certain acts. *See* 11 U.S.C. 362(a). The State moved the bankruptcy court to find that the automatic stay did not apply to it with regard to 2522 Scioto Trail, or alternatively, for relief from the automatic stay as to that property.

{¶6} On December 4, 2023, the bankruptcy court issued an "order granting limited relief from stay" regarding 2522 Scioto Trail. The order states that "[t]he automatic stay as pertaining to the Property is hereby modified to, upon the motion of Debtor, permit the State Court to review (including any appeals) whether, under applicable Ohio law, the

forfeiture proceeding regarding the Property had been duly followed, completed, or otherwise should be vacated as to any interest of Debtor in the Property and otherwise revise any State Court order if it concludes Debtor has not been provided adequate due process within such proceedings." The order states that "[t]he Debtor shall file such motion with the State Court within sixty (60) days from the date of this Order," and if she did not, "the Property shall be deemed properly forfeited pursuant to Ohio law and the State of Ohio may tender an order granting relief from stay with respect to the Property."

**{¶7}** On February 2, 2024, i.e., the last day of the 60-day period, Brown, through counsel, filed a motion for relief from judgment seeking relief from the January 12, 2023 judgment entry under Civ.R. 60(B). In opposing the motion, the State asserted that Civ.R. 60(B) was inapplicable and that if the court recast the motion as a petition under the forfeiture statutes, it was untimely. In response, Brown acknowledged that under R.C. 2981.04(E)(1), a petition must be filed within 30 days of notice of the final entry of forfeiture. Brown claimed she received notice on February 23, 2023, so 30 days later would be March 25, 2023. However, she asserted that because she filed for bankruptcy, all proceedings regarding 2522 Scioto Trail were automatically stayed, so she "was required to attend to her legal claims in bankruptcy court, and could not file a petition under R.C. 2981.04(E)(1)" with the trial court "at that time." And she asserted that once she was in bankruptcy, she was subject to the bankruptcy court's deadlines. In addition, Brown maintained that even if her motion was an untimely or insufficient petition, the property still had to be released to her because the defendants in the underlying criminal proceedings never owned the property and therefore could not forfeit an ownership interest in it. The State then asserted that under 11 U.S.C. 362(b)(4), criminal forfeiture

actions are not subject to an automatic bankruptcy stay. The State also asserted that the filing of the bankruptcy action did not preclude Brown from filing a petition in the trial court even if any further proceedings would have been automatically stayed because of the bankruptcy action.

{¶8} On May 14, 2024, the trial court issued a judgment entry denying Brown's motion. The court concluded Civ.R. 60(B) was inapplicable and that a third-party owner must follow the procedures in R.C. 2981.04 to challenge a criminal forfeiture after a final order is entered. The court recast Brown's motion as a R.C. 2981.04 petition. The court explained that under R.C. 2981.04(E), Brown had to file the petition within 30 days of receiving notice of the forfeiture order. The court found she was personally served with the January 12, 2023 entry on February 21, 2023, so under R.C. 2981.04(E), she had to file her petition no later than March 23, 2023, but she did not do so. The court rejected the State's contention that there was no bankruptcy stay under 11 U.S.C. 362(b)(4) and concluded that "[t]he automatic stay provisions therefore do apply to Ms. Brown." However, the court found that Brown did not cite any authority for the position that she was not required to comply with the deadline in R.C. 2981.04 and that the State had pointed to two cases which held that an automatic stay did not relieve a debtor from statutory deadlines in state proceedings. The court held that because Brown failed to act within the 30-day statutory deadline, she "waived her claim to any challenge to the forfeiture." The court noted that Brown argued that even if the court denied her motion, "the State has received zero ownership interest as Mr. Blair had no ownership interest in the property." The court concluded that "[t]his argument fails as well for the reasons set

forth above in regard to Ms. Brown's obligation to file a petition within 30 days of notice."

The court stated:

> The General Assembly has clearly set forth that property may be forfeited to the State. The statute provides for non indicted third party owners to have notice of the intended forfeiture and a process to protect their interest. By setting a deadline to act once notice has been given, the property owner is on notice that their ownership interest is at risk of being lost. There is no indefinite period to avail oneself of the statutory protection provisions. Rather, the petition must be filed within a 30 day period. The General Assembly clearly is setting forth that if a person with a claimed ownership interest does not assert their rights within the 30 day period by filing a petition with the Court, then the interest is waived.

The court then stated that it did not have to address the parties' other arguments in light of its finding that Civ.R. 60(B) did not apply and that Brown did not timely file her petition under R.C. 2981.04.

## II. ASSIGNMENTS OF ERROR

{¶9} Brown presents two assignments of error:

> First, the trial court erred by finding that Ohio Revised Code § 2981 permits a state agency to obtain ownership of real estate through criminal forfeiture where, as here, none of the criminal defendants convicted or charged ever had an ownership interest in said property, and thus had no recognized legal interest in the property to forfeit to the State.

> Second, the trial court erred by finding that Ms. Brown's automatic bankruptcy stay did not toll the 30-day deadline to file a motion for release of real property that is set forth in Ohio Revised Code § 2981.04.

We will address the assignments of error out of order.

## III. LAW AND ANALYSIS

### A. Second Assignment of Error

{¶10} In the second assignment of error, Brown contends the trial court erred by finding that her "automatic bankruptcy stay did not toll the 30-day deadline to file a motion for release of real property that is set forth in" R.C. 2981.04. Brown asserts that when a

Scioto App. No. 24CA4077

bankruptcy case commences, the bankruptcy court obtains exclusive jurisdiction over the debtor's property. Citing 28 U.S.C. 1334(e), she asserts that all actions against the debtor's assets are stayed and that other courts are powerless to entertain disputes over the debtor's property. She claims that because of the automatic stay, she "was required to attend to her legal claims in bankruptcy court, and could not file a petition under R.C. 2981.04(E)(1)" until the bankruptcy court lifted the stay. Citing *In re Waugh*, 109 F.3d 489 (8th Cir. 1997), and *In re Saunders*, 240 B.R. 636 (Bankr.S.D.Fla. 1999), Brown asserts that "the majority of courts have found that statutory time periods are tolled during bankruptcy." Brown cites additional cases to support the position that 11 U.S.C. 108(a) tolls state statutory time periods for at least two years after a bankruptcy petition is filed. She claims the time limit in R.C. 2981.04 "is comparable to a state statute of limitations, as it limits the time in which a person may assert his or her right in property subject to forfeiture." Brown asserts that she filed her petition within the 60 days provided by the bankruptcy court and "well-within the two years that multiple courts have held is the tolling period for state statutes of limitations." She also suggests that one of the cases relied on by the trial court is inapposite because it involved "[l]and contract forfeiture under Michigan law," which "does not appear to share any similarities with criminal forfeiture."

**{¶11}** R.C. 2981.04 governs criminal forfeiture proceedings. R.C. 2981.04(D) provides that "[a]fter the entry of a forfeiture order under this section, the prosecutor shall": (1) "attempt to identify any person with an interest in the property subject to forfeiture by searching appropriate public records and making reasonably diligent inquiries," (2) "give notice of the forfeiture that remains subject to the claims of third parties and proposed disposal of the forfeited property to any person known to have an interest in the property,"

and (3) "publish notice of the forfeiture that remains subject to the claims of third parties and proposed disposal of the forfeited property" in accordance with the statute. R.C. 2981.04(E)(1) authorizes "[a]ny person, other than the offender or delinquent child whose conviction or plea of guilty or delinquency adjudication is the basis of the forfeiture order, who asserts a legal interest in the property that is the subject of the order" to "petition the court that issued the order for a hearing . . . to adjudicate the validity of the person's alleged interest in the property." R.C. 2981.04(E)(1)(a) states that the petition "shall be filed within thirty days after the final publication of notice or the person's receipt of notice under division (D) of this section." The issue whether an automatic bankruptcy stay tolls this deadline presents a question of law. "We review questions of law de novo." *Whitesed v. Huddleston*, 2021-Ohio-2400, ¶ 18 (4th Dist.), citing *In re A.G.B.*, 2007-Ohio-4753, ¶ 11 (4th Dist.).

{¶12} Brown's argument seems to conflate an automatic bankruptcy stay with an extension of time under 11 U.S.C. 108. A stay is defined, inter alia, as "[t]he postponement or halting of a proceeding, judgment, or the like." *Black's Law Dictionary* (12th Ed. 2024). There are statutes which provide for an automatic stay of specified acts upon the filing of a bankruptcy petition. *See* 11 U.S.C. 362(a); 11 U.S.C. 922. For example, 11 U.S.C. 362(a) states, in part:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, . . . operates as a stay, applicable to all entities, of--
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

{¶13} 11 U.S.C. 108 extends the time for specified acts after the commencement of a bankruptcy case, stating:

(a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of--

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief.

(b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of--

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief.

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of--

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

**{¶14}** Brown has not demonstrated that the trial court erred when it found her automatic bankruptcy stay did not toll the 30-day deadline in R.C. 2981.04. The statute she cites for the position that commencement of a bankruptcy case stays all actions against the debtor's assets, 28 U.S.C. 1334(e) addresses jurisdiction, not an automatic stay, stating:

The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction--

(1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and

(2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.

Brown does not cite any statutory automatic stay provision which she believes is relevant to this proceeding or adequately explain why a stay of actions against her assets tolls the deadline for her to file a R.C. 2981.04 petition. It is not evident how *In re Waugh or In re Saunders* supports such a position. *In re Waugh* held that the three-year priority period in 11 U.S.C. 507(a)(8)(A)(i) is suspended by 11 U.S.C. 108(c) and 26 U.S.C. 6503(b) and (h) for the time that an automatic stay prevents the IRS from collecting outstanding tax debts. 109 F.3d at 493 (8th Cir.). *In re Saunders* held that the time period for determining dischargeability of tax liabilities is tolled during the pendency of a debtor's prior bankruptcy proceeding and for an additional six months thereafter under 11 U.S.C. 108(c) and 26 U.S.C. 6503. 240 B.R. at 639-641, fn .5 (Bankr.S.D.Fla.). Moreover, even if the

trial court relied on an inapposite case as Brown suggests, that would not establish that an automatic bankruptcy stay tolls the 30-day deadline in R.C. 2981.04.

{¶15} Because Brown has not shown that the trial court erred by finding that her automatic bankruptcy stay did not toll the 30-day deadline in R.C. 2981.04, we overrule the second assignment of error. We need not address Brown's suggestion that the time to file a petition was extended by 11 U.S.C. 108(a) to two years after the date she filed the bankruptcy petition because it is beyond the scope of the assigned error. *See State v. Nguyen*, 2015-Ohio-4414, ¶ 41 (4th Dist.) (appellate court reviews "assignments of error and not mere arguments"). However, we observe that even if it fell within the scope of the assigned error, it would fail. At the trial level, Brown did not argue that 11 U.S.C. 108(a) extended the time for filing her petition, and "[i]t is well-settled that a party may not raise new issues or legal theories for the first time on appeal." *In re B.S.*, 2024-Ohio-5183, ¶ 74 (4th Dist.), citing *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43 (1975). "Thus, a litigant who fails to raise an argument before the trial court forfeits the right to raise that issue on appeal." *Id.*, citing *Independence v. Office of the Cuyahoga Cty. Executive*, 2014-Ohio-4650, ¶ 30. "Appellate courts may, however, in certain circumstances, consider a forfeited argument using a plain-error analysis." *Id.* at ¶ 75, citing *Risner v. Ohio Dept. of Nat. Resources,* 2015-Ohio-3731, ¶ 27. However, Brown does not argue plain error on appeal, and we decline to construct a plain error argument on her behalf. *See generally State v. Dodd*, 2022-Ohio-4455, ¶ 19 (4th Dist.) (declining to construct plain error argument on appellant's behalf).

## B. First Assignment of Error

{¶16} In the first assignment of error, Brown contends "the trial court erred by finding that Ohio Revised Code § 2981 permits a state agency to obtain ownership of real estate through criminal forfeiture where, as here, none of the criminal defendants convicted or charged ever had an ownership interest in said property, and thus had no recognized legal interest in the property to forfeit to the State." Brown maintains that R.C. 2981.04 does not permit this and that interpreting the statute to allow a criminal to forfeit a greater interest in real property than the criminal ever had results in an unconstitutional taking from the property owner. Therefore, she asserts that even if her "petition under R.C. 2981.04 was insufficient or untimely," the property "must still be released." She maintains that "[j]ustice demands that the State not forfeit a person's property because of the actions of another who never owned the property."

{¶17} Brown essentially challenges the forfeiture order, but the trial court did not reach the merits of her argument because it concluded that she did not timely file a petition under R.C. 2981.04. Brown has not shown that the trial court erred in concluding her petition was untimely, and she cites no legal authority for the position that she can challenge the forfeiture order despite her failure to comply with the deadline in R.C. 2981.04. Accordingly, we overrule the first assignment of error.

## C. Conclusion

{¶18} Having overruled the assignments of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Scioto App. No. 24CA4077

## **<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT IS AFFIRMED and that pro se appellant Brown shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
        Michael D. Hess, Judge




### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**